THE COUNTY OF HAMILTON, PLAINTIFF IN ERROR, v. G. W. BAILEY, DEFENDANT IN ERROR.

1.  Revenue: PUBLISHING DELINQUENT TAX LIST.  The revenue law of 1879  does not repeal the act approved February 19th, 1877, so far as it requires a notice of the sale of lands and lots, upon which taxes levied prior to September 1st, 1879,  are delinquent, to be published in a newspaper.

2. ———: ———. If the county commissioners fail to let the contract for publishing such tax list to the lowest bidder, it is the duty of the county treasurer to cause such notice to be published for a sum not exceeding that fixed by statute.

3. Accounts against County: APPEAL. Where an account is filed with the board of county commissioners and allowed in part, and a warrant, drawn for the sum thus allowed, is accepted by the claimant, he thereby waives his right of appeal.

ERROR to the district court for Hamilton county. Tried below, before POST, J. The facts of the case are stated in the opinion.

*A. W. Agee,* for plaintiff in error.

*J. S. Miller* and *J. H. Smith,* for defendant in error.

MAXWELL, CH. J.

In December, 1879, G. W. Bailey filed the following account with the commissioners of Hamilton county:

Sept. 17, Bridge Notice, $ .85

Sept. 17, Road Notice, 4mo., 2 squares, $5.00

Oct.   4, 1364 Land Descriptions, @ 20 cts., $272.80

"       4, 594 Town Lot Descriptions, @ 10 cts., $59.40

Nov. 17, 500 Election Certificates, $2.00

"       22, Notice to Supervisors, $1.20

Of this account $9.05 was allowed for blanks and notices on the 6th day of Dec., of that year, and $195.70 for publishing the delinquent tax list. On the 24th day of December, of that year, the claim was reconsidered and the matter continued to the next session of the board. At the next session of the board Bailey was again allowed $195.70 for publishing the delinquent tax list. He thereupon served notice upon the board of his intention to appeal to the district court, and soon thereafter, and before the expiration of twenty days from the time said account was allowed, applied to the county clerk and obtained the warrant drawn in his favor on said account, and on presenting the same to the county treasurer re-

ceived the sum of $195.70 in cash. On appeal to the district court the county filed an answer to Bailey's petition, and also filed a cross-petition asking a judgment against him for the sum of $195.70, and interest, claiming that said sum of $195.70, so allowed by the commissioners and drawn by Bailey, was without authority of law, and was by said Bailey fraudulently obtained; and, upon the trial of said cause, ·the court dismissed both the plaintiff's petition, and the defendant's cross petition, and rendered judgment against Bailey, for costs. The County of Hamilton brings the cause into this court by petition in error, to reverse the judgment of the district court dismissing its cross-petition; and the plaintiff below brings the cause into this court by petition in error, to reverse the judgement of the district court dismissing his petition.

The errors assigned will be considered in their order.

*First.* It is objected there was no authority to publish in a newspaper a notice of the sale of lands for the delinquent taxes of 1878. We are referred to sec. 109, of "an act to provide a system of revenue," approved March 1st, 1879, as sustaining this position. The section referred to provides that : "On the 1st Monday of November in each year, between the hours of 9 o'clock A. M. and 4 o'clock P. M., the treasurer is directed to offer at public sale at the court.house or place of holding court in his county or at the treasurer's office, all lands on which a tax is levied for state, county, township, village, city, school district, or any other purpose, for the previous year still remaining unpaid, and he may adjourn the sale from day to day until all the lands, lots or blocks have been offered. No notice of such sale by advertisement or otherwise shall be required, but in all cases the provisions of this chapter shall be sufficient notice to owners of the sale of their property." [Comp. Stat., 420.]

This section, taken by itself, would require no notice to

be given, but section 183 provides that "an act entitled an act to provide a system of revenue" approved February 15th, 1869, and all acts and parts of acts supplemental to and amendatory thereof, and all acts and parts of acts inconsistent with the provisions of this act, are hereby repealed; *Provided*, that such repeal shall not in any manner affect any rights heretofore acquired, or the collection of any taxes heretofore levied or assessed, or the validity of any sales for taxes heretofore made, or any right heretofore acquired under any law of this state." The repeal of the act of 1869 and acts amending the same by the act which took effect September 1st, 1879, does not in any manner affect the collection of any taxes levied prior to that date. In other words, the same proceedings are to be had for the collection of taxes previously levied as existed at the time of the passage of the act of 1879.

Sec. 5, of an act to amend the revenue law, approved February 19, 1877, provides that: "The treasurer shall give notice of the sale of real property by the publication thereof, once a week, for three consecutive weeks, commencing the first week in October preceding the sale, in a newspaper in his county if there be one, and if there be no paper published in his county, shall give notice by a written or printed notice, posted on the door of the court house or building in which the courts are commonly held, or the usual place of meeting of the county commissioners, for three weeks previous to the sale. Such notice shall contain a notification that all lands on which the taxes of the preceding year (naming it), remaining unpaid, will be sold, and the time and place of the sale, and said notice must contain a description of the lands to be sold and the amount of taxes due. The treasurer shall add to each description of land so advertised, the sum of twenty cents, other than town lots, and for each town lot the sum of ten cents, to defray the expenses of advertising, which amount shall be paid by the county treasurer

at the expiration of the sale, upon affidavit of the publisher; *Provided*, the county commissioners shall let the printing of the delinquent tax-list to the lowest and best bidder, at a price not exceeding the rates aforesaid."

This section applies to all lands and lots upon which taxes, which were levied prior to September 1st, 1879, are delinquent. The publication of the notice therefore was required by law,

*Second.* But it is objected, that the county treasurer caused the publication of the notice, and that the county commissioners failed to let the contract for printing the same to the lowest and best bidder.

Sec. 5 of the act of 1877 requires the treasurer to give notice of the sale of real property by the publication thereof, etc. This duty is specially enjoined upon him. It is the duty of the county commissioners to invite bids for printing the delinquent tax list and let the same to the lowest and best bidder; but if they fail to do so it is the duty of the treasurer to procure the publication of the notice, and in the absence of a contract for a less sum the party publishing the same would be entitled to the amount fixed by the statute. But the defendant having accepted the amount allowed by the county commissioners on his account, is bound by the award and thereby waives his right to appeal. He cannot accept the amount awarded to him by an order or judgment, and thereby receive the benefit of the same and appeal from such order or judgment. *The Ind. School Dist. of Altoona v. The Dist. Th. of Delaware*, 44 Iowa, 201. *M. M. R. R. Co. v. Byington*, 14 Id., 572. *Borgalthous v. The Farmers and Merchants Ins. Co.*, 36 Id., 250. But even if an appeal would lie it is impossible to review the finding of the county commissioners or district court. The items of the account are not given, and there is no testimony showing what items were rejected and what allowed.

Error must affirmatively appear of record to justify this court in reversing a judgment.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.