ELI GRAY, PLAINTIFF IN ERROR, v. MELISSA A. SMITH, DEFENDANT IN ERROR.

**Judgment:** ACCEPTANCE OF AMOUNTS BARS APPEAL ON ERROR. A party who accepts the amount of an order or judgment cannot, afterwards prosecute an appeal from the same.

MOTION to dismiss proceedings in error to the district court of Richardson county, where the cause was tried before DAVIDSON, J.

*Frank Martin* and *J. D. Gilman*, for the motion.

*E. W. Thomas*, contra.

BY THE COURT.

The defendants in error brought an action against the plaintiffs in the district court of Richardson county to recover the possession of the S. W. ¼ of section 19, T. 3 N., R. 13 E. The plaintiff in error (defendant below) filed an answer to the petition, wherein he alleged: 1st. That he was the owner of the land. 2d. That he possessed certain tax deeds for the same, and praying that if the court found his title invalid he might be allowed said taxes with interest. On the trial of the cause the court found that the tax deeds conveyed no title, and that the amount paid by the plaintiff in error for taxes was the sum of $30.30, which was a lien on the land, and that the plaintiffs below (defendants in error) were entitled to the possession of the land. The defendant below thereupon brought the case on error into this court, praying for a reversal of the judgment. Afterwards he accepted the amount of the judgment and receipted for the same. The attorneys for the defendants in error now move to dismiss the proceedings in error, for the reason that the plaintiff has accepted the amount awarded to him by the court.

The question here involved was before this court in *Hamilton County v. Bailey*, 12 Neb., 57. In that case it is said: "He (the plaintiff in error) cannot accept the amount awarded to him by an order or judgment, and thereby receive the benefit of the same, and appeal from such order or judgment." *The Ind. School District of Altoona v. The District Tr. of Delaware*, 44 Iowa, 201. *M. M. R. Co. v. Byington*, 14 Id., 572. *Borgalthous v. The Farmers and Merchants Ins. Co.*, 36 Id., 250. This, we think, is a correct statement of the law, and it is decisive in this case. The motion must therefore be sustained.

JUDGMENT ACCORDINGLY.

THE other judges concur.