148 N.J. Super. 40 (1977)
371 A.2d 818
IRWIN SIMON, PLAINTIFF-RESPONDENT,
v.
MARILYN SIMON, DEFENDANT-COUNTERCLAIMANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 1977.
Decided March 11, 1977.
*41 Before Judges LYNCH, MILMED and ANTELL.
Mr. Everett M. Scherer argued the cause for appellant (Messrs. Riker, Danzig, Scherer & Debevoise, attorneys).
Mr. Adrian I. Karp argued the cause for respondent.
The opinion of the court was delivered by ANTELL, J.A.D.
Defendant appeals from those parts of the judgment of divorce entered March 12, 1975 which concern alimony, child support and equitable distribution of the marital estate. Pursuant to the terms thereof defendant was awarded the marital home which showed an after-sale equity of $102,341, furnishings having a stipulated value of $35,000, cash in the amount of $20,000 and an automobile valued at $5,000. Defendant was also awarded alimony of $250 a week and $150 a week support for the three children of the marriage. She has also received in trust a 10% share of plaintiff's interest in Dexter-Simon Knitwear Corp., Dexter Knitting Mills, Inc., and Tri-Knit Mills Corp. The three children together have received in trust a similar 10% share. These trusts have an estimated value of between $60,200 and $117,800. Plaintiff husband was also required to maintain life and medical insurance for the benefit of defendant, to pay the reasonable costs of education for their three children, the cost of psychiatric treatment received by the wife prior to July 25, 1974, as well as all reasonable medical expenses incurred on behalf of the three children who are seriously disabled.
Applying the standards usually applicable to a request for support, Weiner v. Weiner, 120 N.J. Super. 36, 41 (Ch. Div. 1972), aff'd 126 N.J. Super. 155 (App. Div. 1974); Greenberg v. Greenberg, 126 N.J. Super. 96, 100 (App. Div. 1973), and taking into account the restricted liquidity of the corporate stock deposited in trust, we conclude that the weekly alimony awarded the defendant should be increased *42 to $400 and support for the children to $190. In other respects the judgment of divorce will be left undisturbed.
Our attention has been called to the recent opinion in Tassie v. Tassie, 140 N.J. Super. 517 (App. Div. 1976), in which appellant wife was estopped from attacking those parts of a judgment of divorce dealing with support, alimony and property distribution by reason of her having voluntarily accepted the benefits thereof. We conceive that the principle there applied governs only where the appeal constitutes a repudiation of the judgment under which the benefits were received or is materially inconsistent therewith. Generally, appellate review is barred where it may lead to a result showing that the appellant is not entitled to what was received under the judgment appealed from. A clear example is where the attack is made upon the judgment of divorce itself. See McIlroy v. McIlroy, 191 Ark. 45, 83 S.W.2d 550, 551 (Sup. Ct. 1935); Hofer v. Hofer, 244 Or. 88, 415 P.2d 753, 755-756 (Sup. Ct. 1966); Kassenbaum v. Kassenbaum, 178 Neb. 812, 135 N.W.2d 704, 706 (Sup. Ct. 1965); O'Connor v. O'Connor, 253 Ind. 295, 253 N.E.2d 250, 252 (Sup. Ct. 1970); Knebel v. Knebel, 189 S.W.2d 464, 466-467 (Mo. Ct. App. 1945); 4 Am. Jur.2d, Appeal and Error, § 253 at 748; Annotation, "Right of Appeal from Judgment or Decree as Affected by Acceptance of Benefit Thereunder," 169 A.L.R. 985, 987-988, 999-1003 (1947). We discern no such equitable infirmity in the case before us. Cf. Adolph Gottscho, Inc. v. American Marking Corp., 26 N.J. 229, 242 (1958). The right of the wife to alimony and support for the children was never in serious dispute and she seeks only an increase in amount.
The judgment under review is modified in accordance with this opinion and, as modified, affirmed.