GAIL ANN LIMING, APPELLANT, V.
LONNIE LEE LIMING, APPELLEE.

723 N.W.2d 89

Filed November 3, 2006.    No. S-06-015.

Steffanie J. Garner Kotik, of Kleveland Law Offices, for appellant.

Paul M. Conley for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Gail Ann Liming and Lonnie Lee Liming were divorced in district court, and Gail appealed the property division and alimony award. The primary issue presented in this appeal is whether Gail waived appellate review of the property division by accepting the benefits of the alimony award while her appeal was pending.

## BACKGROUND

Gail and Lonnie were married in 1969. Gail filed a petition for dissolution in the district court on November 24, 2004. The parties had no children, but the case went to trial on the issues of property division and alimony.

At the time of trial, Gail worked full time at a university as a library assistant and earned approximately $10.55 per hour. Lonnie was not employed, but drew $959.70 per month from a postal service retirement benefit and $2,513 per month from

a military disability benefit. The primary assets of the marital estate were Gail's retirement account and a house in Lincoln. The value of Gail's retirement account was $62,111.53. There is no dispute that Gail's retirement account was a marital asset.

Gail valued the family house at $160,000, subject to a $60,000 debt. Lonnie valued the house at $155,000, subject to an $80,954 debt. According to Gail, the purchase price of the house had been $157,000, which the parties financed in part with $115,000 that were the proceeds from the sale of the parties' previous residence. Lonnie testified that there had been debt on the previous residence, before Lonnie paid the debt with the $21,000 net proceeds of a winning lottery ticket. Lonnie was still married to Gail when he purchased the lottery ticket, in March 1997.

Also included in the marital estate were a car valued by Gail at $3,000, a motorcycle Gail valued at $20,000, a truck Gail valued at $8,200, a camper Gail valued at $14,000, and a mower Gail valued at $500. Lonnie valued the motorcycle at $12,000, but also claimed secured indebtedness for the motorcycle of $12,461. Similarly, Lonnie valued the camper at $12,000, but claimed secured indebtedness for the camper of $10,845. Gail did not deny Lonnie's evidence of the debts owed on the motorcycle and camper.

The primary issue at trial was the valuation of the family house. Lonnie and Gail each proposed that Lonnie be awarded the house and that Gail be awarded her retirement account. Gail contended that there was $100,000 of equity in the house, based on a $160,000 valuation and $60,000 debt. Thus, Gail proposed that Lonnie be ordered to pay Gail $22,444.50 to equalize what Gail believed to be the difference in the value of the property to be awarded to each party. Lonnie, on the other hand, calculated that there was $53,046 of equity in the house. Lonnie valued the house at $155,000 and subtracted $80,954 of indebtedness. Since Lonnie used his lottery winnings to pay off the parties' previous residence, and the proceeds from the sale of the previous residence were used to purchase the house at issue in this case, Lonnie also subtracted $21,000 in lottery proceeds from the house's equity. Lonnie proposed that the equity in the house would roughly offset the value of the retirement account, without an equalization payment. The parties did not adduce

documentation to substantiate their arguments regarding the value of the property, instead relying on their own testimony and the worksheets prepared for trial to establish the basis for their calculations.

The court awarded the house to Lonnie and the retirement account to Gail. No equalization payment was ordered. The court did not make any express finding as to the value of the house, the equity in the house, or how the lottery proceeds might have been considered in such a calculation. The court awarded the motorcycle and a trailer to Lonnie without making specific findings as to their value or equity. The court also awarded the parties the personal property already in their possession, which had the effect of awarding Lonnie the truck and mower, and Gail the car, again without specific findings as to the value of the property. Lonnie was ordered to pay alimony, in the amount of $300 per month for 18 months.

Gail appealed to the Nebraska Court of Appeals, assigning that the district court erred in (1) distributing the parties' marital property in an unequal and inequitable manner and (2) limiting Gail's alimony award to 18 months. In support of her first assignment of error, Gail argued that the property division was inequitable because the $21,000 in lottery proceeds should have been included in the marital estate.

Lonnie filed a motion for summary affirmance on the basis that Lonnie had paid the alimony to the clerk of the district court in a lump sum of $5,400 and Gail had cashed the check issued to her in that amount. Lonnie argued that pursuant to the acceptance of benefits rule as explained in this court's decision in *Giese v. Giese*, 243 Neb. 60, 497 N.W.2d 369 (1993), Gail waived her arguments with respect to the property division and alimony award by accepting the alimony. The Court of Appeals granted Lonnie's motion for summary affirmance, citing *Giese, supra*, and we sustained Gail's petition for further review.

## ASSIGNMENT OF ERROR

Gail assigns, restated, that the Court of Appeals erred in summarily affirming the judgment of the district court. In sustaining Gail's petition for further review, we directed the parties to file supplemental briefs addressing whether Gail waived her right to

argue the issues of property division and alimony by accepting a portion of the district court judgment.

## STANDARD OF REVIEW

■ Whether the Court of Appeals correctly concluded that Gail waived her right to appellate review is a question of law, regarding which we reach a conclusion independent of the determination reached by the Court of Appeals. See *Trimble v. Wescom*, 267 Neb. 224, 673 N.W.2d 864 (2004).

■ The division of property is entrusted to the discretion of the trial judge and will be reviewed de novo on the record and affirmed in the absence of an abuse of discretion. See *Webster v. Webster*, 271 Neb. 788, 716 N.W.2d 47 (2006).

## ANALYSIS

### ACCEPTANCE OF BENEFITS RULE

In her supplemental brief, Gail waives her appellate argument with respect to alimony but contends that the Court of Appeals should still have considered the issue she raised with respect to the property division. Because Gail does not take issue with the Court of Appeals' refusal to consider her argument with respect to alimony, we do not consider whether Gail's acceptance of Lonnie's lump-sum alimony payment required her to waive her appellate argument that the alimony award should have been for a longer period of time. Instead, the first issue we address is limited to whether Gail was permitted to accept the lump-sum alimony payment, yet still appeal the division of the marital estate.

■ The Court of Appeals concluded that Gail waived her appellate arguments based on our decision in *Giese, supra. Giese*, however, was based in the well-established, more general acceptance of benefits rule: that an appellant may not voluntarily accept the benefits of part of a judgment in the appellant's favor and afterward prosecute an appeal or error proceeding from the part that is against the appellant. See, e.g., *Dovel v. School Dist. No. 23*, 166 Neb. 548, 90 N.W.2d 58 (1958); *State ex rel. Heintze v. County of Adams*, 162 Neb. 127, 75 N.W.2d 539 (1956); *Nuss v. Nuss*, 148 Neb. 417, 27 N.W.2d 624 (1947); *Hoesly v. Department of Roads and Irrigation*, 143 Neb. 387, 9 N.W.2d 523 (1943) (on rehearing); *Larabee v. Larabee*, 128 Neb. 560, 259 N.W. 520

(1935); *McKee v. Goodrich*, 84 Neb. 479, 121 N.W. 577 (1909); *Meade Plumbing, Heating & Lighting Co. v. Irwin*, 77 Neb. 385, 109 N.W. 391 (1906); *Weston v. Falk*, 66 Neb. 198, 93 N.W. 131 (1903) (on denial of rehearing); *Harte v. Castetter*, 38 Neb. 571, 57 N.W. 381 (1894); *Saxon v. Cain*, 19 Neb. 488, 26 N.W. 385 (1886); *Gray v. Smith*, 17 Neb. 682, 24 N.W. 340 (1885); *Hamilton County v. Bailey*, 12 Neb. 56, 10 N.W. 539 (1881).

■ The acceptance of benefits rule, however, has exceptions. An exception to the acceptance of benefits rule exists where the right to the benefit accepted is absolute and cannot possibly be affected by reversal of the judgment. It is the possibility that appeal may lead to a result showing that the party was not entitled to what was received under the judgment appealed from that defeats the right of appeal. See, *Dovel, supra*; *Hoesly, supra*; *Irwin, supra*; *Weston, supra*. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from. *Dovel, supra*.

■ Thus, the acceptance of benefits rule has no application where one is shown to be so absolutely entitled to the sum collected or accepted that reversal of the judgment or decree will not affect his or her right to it, as in the case of a collection of an admitted or uncontroverted part of his or her demand. See *State ex rel. Heintze, supra*. See, also, *Dovel, supra*. The rule does not apply when the appellant is conceded to be entitled to the thing he or she has accepted and where the appeal relates only to an additional claim on his or her part. See *id*.

In *Kassebaum v. Kassebaum*, 178 Neb. 812, 135 N.W.2d 704 (1965), we considered the application of the acceptance of benefits rule where the appellant had, after a decree of dissolution was entered, withdrawn $200 from what had been the parties' joint checking account. The appeal challenged the property division and alimony award, and the appellee argued that the appeal was estopped by the appellant's acceptance of the benefits of the property settlement. We rejected that argument, stating that " '[i]f the outcome of the appeal could have no effect on the appellant's right to the benefit accepted, its acceptance does not preclude the appeal.' " *Id*. at 815, 135 N.W.2d at 706. We explained that " '[t]here is no acceptance of benefits under a judgment, and hence no waiver of rights of appeal, where a party exercises a

right which existed prior to the judgment and which, though recognized or confirmed by the judgment, is not merged in it.'" *Id.* We went on to quote a South Dakota case which stated:

> "Appellant is in this court asking for relief in addition to that awarded her by the trial court. The property which she is alleged to have accepted under the decree is personal property only, and is not in such an amount that it is probable that less might be awarded to her. Appellant, therefore, by using or accepting this property which under the decree was awarded to her has done nothing inconsistent with her present position."

*Id.*

In *Reynek v. Reynek*, 193 Neb. 404, 227 N.W.2d 578 (1975), we reaffirmed the acceptance of benefits rule, but adopted another exception to it where the interests of children were involved. Thus, we considered an appellate challenge to the trial court's child custody order even though the appellant had accepted the benefits of the property settlement. See *id.* See, also, *Hicklin v. Hicklin*, 244 Neb. 895, 509 N.W.2d 627 (1994) (in action for dissolution or annulment, parent may accept child support yet appeal other issues in decree); *Fletcher v. Fletcher*, 227 Neb. 179, 416 N.W.2d 570 (1987) (declining to consider appeal from order modifying alimony because appellant accepted alimony payments under modified award); *Berigan v. Berigan*, 194 Neb. 185, 231 N.W.2d 131 (1975) (acceptance of benefits rule applies except as to interests and welfare of children; proper procedure where appeal is contemplated is to apply to trial court for temporary allowances pending appeal).

But this court departed from *Kassebaum* in *Shiers v. Shiers*, 240 Neb. 856, 485 N.W.2d 574 (1992). In *Shiers*, the appellant accepted a cash award intended to equalize the property distribution, but challenged the alimony and child support awards on appeal. This court considered the line of cases discussed above, characterizing *Kassebaum* as a case in which we "held that the payment of costs, attorney fees, and child support did not deprive one of the right to appeal." *Shiers*, 240 Neb. at 858, 485 N.W.2d at 575, citing *Kassebaum v. Kassebaum*, 178 Neb. 812, 135 N.W.2d 704 (1965). This court asserted that the reason the acceptance of benefits rule was not applied in *Kassebaum* was

that the appellant in *Kassebaum* "had accepted no benefit conferred upon him, but, rather, had merely discharged, pending the outcome of the appeal, the obligations imposed upon him." *Shiers*, 240 Neb. at 859, 485 N.W.2d at 576. This court concluded:

> The rule distilled from the foregoing cases is that in a dissolution of marriage action, one who accepts any part of a judgment in her or his favor forfeits the right to challenge by appeal any issue but those affecting the interests and welfare of such children as may be involved.

*Id.* at 860, 485 N.W.2d at 576. Accord *Hicklin, supra.* Thus, this court concluded that the appellant had waived her alimony argument by accepting the cash property distribution. See *id.*

This court then confronted the above characterization of *Kassebaum* in *Giese v. Giese*, 243 Neb. 60, 497 N.W.2d 369 (1993). In *Giese*, the marital estate included a business that was awarded to the appellant. On appeal, the appellant argued that the trial court had erred in, inter alia, its determination of the extent to which the parties had reduced the appellant's premarital indebtedness during the marriage, and that the court had thus erred in crediting the appellee for her share of that reduction. The appellee argued that the appellant had waived his appellate arguments because he had accepted several other aspects of the property settlement and had taken possession of the business and used its funds to pay personal expenses and satisfy other aspects of the decree. We restated the rule announced in *Shiers*, but acknowledged that in *Kassebaum*, we had recognized an exception to the general acceptance of benefits rule. This court acknowledged that the appellant's division of joint assets was permitted by *Kassebaum*, as it did not confer any right that did not exist prior to the judgment. However, we concluded that the appellant had accepted the benefit of the decree by taking sole possession of the business and using its assets, since it had been a joint asset during the marriage, and had thus waived his arguments aside from child support. See *Giese, supra.*

This court has not revisited *Giese* or *Shiers* as a basis for applying the acceptance of benefits rule in a dissolution proceeding since those cases were decided. However, in *Paulsen v. Paulsen*, 11 Neb. App. 362, 650 N.W.2d 497 (2002), the Court of Appeals permitted an appellant to challenge an alimony

award even though the appellant had accepted the benefits of the property settlement. The court relied on the exception that " ' "[i]f the outcome of the appeal could have no effect on the appellant's right to the benefit accepted, its acceptance does not preclude the appeal." ' " *Id.* at 366, 650 N.W.2d at 501, quoting *Kassebaum v. Kassebaum*, 178 Neb. 812, 135 N.W.2d 704 (1965). See, also, *Thulin v. Thulin*, No. A-99-990, 2000 WL 1207141 (Neb. App. Aug. 22, 2000) (not designated for permanent publication); *Shafer v. Shafer*, 96 NCA No. 33, No. A-95-334 (Neb. App. Aug. 13, 1996) (not designated for permanent publication) (*Kassebaum* exception applied because appellant had not invaded principal of property awarded); *Priest v. Priest*, 96 NCA No. 4, No. A-94-222 (Neb. App. Jan. 23, 1996) (not designated for permanent publication); *Kelly v. Kelly*, 95 NCA No. 28, No. A-93-804 (Neb. App. July 18, 1995) (not designated for permanent publication) (*Kassebaum* exception permitted appellant to challenge qualified domestic relations order despite taking personal property awarded). But see, *Heine v. Heine*, No. A-98-109, 1998 WL 826958 (Neb. App. Nov. 24, 1998) (not designated for permanent publication); *Peterson v. Peterson*, 95 NCA No. 30, No. A-93-919 (Neb. App. Aug. 1, 1995) (not designated for permanent publication).

The Court of Appeals' difficulty in applying our case law reflects the tension apparent among our decisions in *Kassebaum, supra*; *Shiers v. Shiers*, 240 Neb. 856, 485 N.W.2d 574 (1992); and *Giese v. Giese*, 243 Neb. 60, 497 N.W.2d 369 (1993). However, our opinion in *Kassebaum* correctly articulated the exceptions to the acceptance of benefits rule that we first adopted in *Hamilton County v. Bailey*, 12 Neb. 56, 10 N.W. 539 (1881). When there is no possibility that an appeal may lead to a result showing that the appellant was not entitled to what was received under the judgment appealed from, the right to appeal is unimpaired by the acceptance of benefits. See *Dovel v. School Dist. No. 23*, 166 Neb. 548, 90 N.W.2d 58 (1958). See, also, *United States v. Hougham*, 364 U.S. 310, 312, 81 S. Ct. 13, 5 L. Ed. 2d 8 (1960) ("where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim"). See,

generally, 5 Am. Jur. 2d *Appellate Review* § 633 (1995) (exception to acceptance of benefits rule has been recognized where, on appeal, one may obtain more favorable judgment without risk of less favorable judgment).

Our holding in *Kassebaum* is also supported by the weight of authority from other jurisdictions that have addressed the operation of the acceptance of benefits rule in the context of dissolution proceedings. As a general rule, a spouse who accepts payments under the alimony or property settlement provisions of a divorce judgment does not waive the right to appellate review where the spouse's right to the benefits accepted is conceded by the other spouse, the spouse was entitled as a matter of right to alimony or a share of the marital estate such that the outcome of the appeal could have no effect on the right to the payment accepted, or the payment accepted is under a separable award which will not be subject to further review. See, generally, Annot., Spouse's Acceptance of Payments Under Alimony or Property Settlement or Child Support Provisions of Divorce Judgment as Precluding Appeal Therefrom, 29 A.L.R.3d 1184 (Supp. 2006) (collecting cases). See, also, generally, 5 Am. Jur. 2d, *supra*, § 636.

The reasoning for these exceptions is that to preclude appeal by the acceptance of the benefits of a divorce judgment, the acceptance of benefits must be of such a nature as to clearly indicate an intention to be bound by the divorce decree. *Anderson v. Anderson*, 72 Wis. 2d 631, 242 N.W.2d 165 (1976). See, also, *Sommers v. Sommers*, 660 N.W.2d 586 (N.D. 2003); *Dietz v. Dietz*, 351 Md. 683, 720 A.2d 298 (1998); *Amplatz v. Amplatz*, 289 N.W.2d 164 (Minn. 1980); *In re Marriage of Fonstein*, 17 Cal. 3d 738, 552 P.2d 1169, 131 Cal. Rptr. 873 (1976); *Gordon v. Gordon*, 218 Kan. 686, 545 P.2d 328 (1976); *Simon v. Simon*, 148 N.J. Super. 40, 371 A.2d 818 (1977). There must be unusual circumstances, demonstrating prejudice to the appellee, or a very clear intent to accept the judgment and waive the right to appeal, to keep an appellate court from reaching the merits of the appeal. See, *Sommers, supra*; *Gordon, supra*; *In re Marriage of Reib*, 114 Ill. App. 3d 993, 449 N.E.2d 919, 70 Ill. Dec. 572 (1983); *Bailey v. Bailey*, 345 So. 2d 304 (Ala. Civ. App. 1977).

Thus, the overwhelming majority rule is that when an appellant in a dissolution action accepts only that which the appellee

concedes, or is bound to concede, to be due to the appellant under the decree, the appellant is not barred from prosecution of an appeal which involves only the appellant's right to a future recovery. Acceptance of part of the award in such circumstances is not inconsistent with the appellant's claim that the award should have been larger. *In re Marriage of Abild*, 243 N.W.2d 541 (Iowa 1976). See, e.g., *Dietz, supra*; *Shafmaster v. Shafmaster*, 138 N.H. 460, 642 A.2d 1361 (1994); *Davis v. Davis*, 458 N.W.2d 309 (N.D. 1990); *Ford v. Ford*, 105 Nev. 672, 782 P.2d 1304 (1989); *Boyce v. Boyce*, 541 A.2d 614 (D.C. 1988); *Connelly v. Connelly*, 374 N.W.2d 633 (S.D. 1985); *Nickerson v. Nickerson*, 296 Or. 516, 678 P.2d 730 (1984); *In re Marriage of Jones*, 627 P.2d 248 (Colo. 1981); *In re Marriage of Hadley*, 88 Wash. 2d 649, 565 P.2d 790 (1977) (en banc); *In re Marriage of Fonstein, supra*; *Anderson, supra*; *Gordon, supra*; *Marshall v. Marshall*, 364 P.2d 891 (Okla. 1961); *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950); *Bailey, supra*; *Simon, supra*; *Finck v. Finck*, 9 Ariz. App. 382, 452 P.2d 709 (1969).

Where the reversal of the judgment cannot possibly affect the appellant's right to the benefit he or she has secured under the judgment, an appeal may be taken despite the fact that the appellant has sought and secured such benefit. *Davis, supra*. See, e.g., *Ford, supra*; *Connelly, supra*; *Nickerson, supra*; *In re Marriage of Hadley, supra*; *Marshall, supra*; *Carle, supra*; *Bailey, supra*; *Simon, supra*. For instance, when a case has several independent issues, and a review is sought of a portion of that judgment while the acceptance of benefits is as to a severable issue which is not raised for appellate review, the appellant may accept the benefits and nevertheless appeal regarding the separate, independent issue. See, *In re Marriage of Fonstein, supra*; *Finck, supra*. See, also, *In re Marriage of Jones, supra*; *Alderson v. Alderson*, 258 Ind. 328, 281 N.E.2d 82 (1972).

We agree with these general rules and conclude that they are consistent with Nebraska law as articulated in *Kassebaum v. Kassebaum*, 178 Neb. 812, 135 N.W.2d 704 (1965), and the cases that preceded it. We hold that a spouse who accepts the benefits of a divorce judgment does not waive the right to appellate review under circumstances where the spouse's right to the benefits accepted is conceded by the other spouse, the spouse

was entitled as a matter of right to the benefits accepted such that the outcome of the appeal could have no effect on the right to those benefits, or the benefits accepted are pursuant to a severable award which will not be subject to appellate review. To the extent that *Shiers v. Shiers*, 240 Neb. 856, 485 N.W.2d 574 (1992), and *Giese v. Giese*, 243 Neb. 60, 497 N.W.2d 369 (1993), limit the exceptions to the acceptance of benefits rule in a dissolution of marriage action to issues affecting the interests and welfare of children, they were inconsistent with *Kassebaum, supra*, and are hereby disapproved.

In this case, it is clear that Gail's acceptance of the benefits of the alimony award is not inconsistent with her appellate argument regarding the property division, and appellate disposition of that appellate argument could not affect the alimony award entered by the district court. Thus, although its error was understandable, the Court of Appeals erred in concluding that Gail waived her argument with respect to property division. This court's decision in *Kassebaum, supra*, and the Court of Appeals' own decision in *Paulsen v. Paulsen*, 11 Neb. App. 362, 650 N.W.2d 497 (2002), represented the correct application of the acceptance of benefits rule under these circumstances.

### DIVISION OF MARITAL ESTATE

■ Upon further review from a judgment of the Court of Appeals, the Nebraska Supreme Court will not reverse a judgment which it deems to be correct merely because it may disagree with the reasoning employed by the Court of Appeals. *Newman v. Rehr*, 263 Neb. 111, 638 N.W.2d 863 (2002). While the Court of Appeals should not have summarily affirmed the judgment of the district court based on the acceptance of benefits rule, we conclude that the district court did not abuse its discretion in dividing the marital estate.

Gail's argument, as we understand it, is that Lonnie's $21,000 lottery winnings should have been considered part of the marital estate. However, there is no indication from the court's order that the lottery winnings were set aside, or otherwise credited to Lonnie. The only asset of the marital estate for which the court set a value certain was Gail's retirement account, valued at $62,111.53 and awarded to Gail. The court awarded the house,

motorcycle, and trailer to Lonnie without making specific findings as to their value or equity. The court also awarded Lonnie the truck and mower, and Gail the car, without specific findings as to their value. Nor did the court include any findings or calculations with respect to the overall value of the property awarded to the parties.

In Gail's appellate brief, she narrows the claims she advanced at trial about the valuation of the property in the marital estate. Gail concedes that the trailer had an equity of $1,155 and the motorcycle had a debt of $461. She also concedes that the house did not have $100,000 in equity, instead accepting Lonnie's figures for the equity in the house, except for the setoff of the lottery proceeds. Thus, Gail's appellate argument is limited to a contention that the house should have been found to have equity of $74,046, instead of the figure of $53,046 advanced by Lonnie.

As noted above, in their proposals to the court, Gail sought a payment of $22,444.50 to equalize what she believed to be the difference in the value of the property to be awarded, while Lonnie, apparently relying on a setoff of the lottery proceeds, argued against such a payment. But since the court made no specific finding, we do not know what value, if any, the court established for the equity in the house. The only findings we have before us are those awarding the various items in the marital estate to the parties.

It would have been helpful had the court made more specific findings about the value of the property, especially after the parties contested that issue at trial. Of course, it might also have been helpful to the court had the parties provided it with a more substantial basis for making such findings than the "he said, she said" evidence they adduced. Gail seems to be assuming that because the court did not order an equalization payment, the court must have adopted Lonnie's valuation of the house. The record, however, does not support that assumption. Instead, the question presented to us given the state of the record is whether, in the context of the property division as a whole, the court's award of the house without an equalization payment was an abuse of judicial discretion. See *Gangwish v. Gangwish*, 267 Neb. 901, 678 N.W.2d 503 (2004).

Gail's own calculations, as stated in her appellate brief, would have us conclude that "[Lonnie] was awarded property with a value of $82,940, while [Gail] was only awarded $64,011.53." Brief for appellant at 9. Although the division of property is not subject to a precise mathematical formula, the general rule is to award a spouse one-third to one-half of the marital estate, the polestar being fairness and reasonableness as determined by the facts of each case. *Gress v. Gress*, 271 Neb. 122, 710 N.W.2d 318 (2006). Here, by her own calculations, Gail was awarded approximately 44 percent of the marital estate. Gail also received alimony of $5,400. Although alimony and distribution of property have different purposes in marriage dissolution proceedings, they are closely related and circumstances may require that they be considered together. *Pendleton v. Pendleton*, 242 Neb. 675, 496 N.W.2d 499 (1993).

Having reviewed the record, we find no abuse of discretion in the district court's division of the marital estate. Thus, although our reasoning differs from that of the Court of Appeals, we reject Gail's assignment of error.

## CONCLUSION

The judgment of the Court of Appeals, affirming the judgment of the district court, is itself affirmed.

AFFIRMED.

HEAVICAN, C.J., not participating.