IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KESSLER V. KESSLER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TINA R. KESSLER, APPELLEE,

V.

KEVIN T. KESSLER, APPELLANT.

Filed October 20, 2020.    No. A-19-1207.

Appeal from the District Court for Custer County: KARIN L. NOAKES, Judge. Affirmed.

John B. McDermott, of Shamberg, Wolf, McDermott & Depue, L.L.C., for appellant.

Bergan E. Schumacher, of Bruner, Frank & Schumacher, L.L.C., for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Kevin T. Kessler appeals from a decree of the district court for Custer County, dissolving his marriage to Tina R. Kessler and denying his request to include three horses transferred to the couple's daughter as marital assets. For the following reasons, we affirm.

## BACKGROUND

Kevin and Tina married on August 12, 1997, and had one child, Morgan, born in February 2000. Tina filed a petition for dissolution of marriage on October 13, 2017.

At the time of the divorce proceedings, Morgan was a sophomore at a college where she had earned a rodeo scholarship. She participated in rodeos throughout the school year, and had the opportunity to increase the value of her scholarship depending on her success at those competitions. Morgan took four horses with her to college, but only three of the horses are at issue in this appeal. They are Wasaubi, Phantom, and Shorty. Each of the horses were purchased by

- 1 -

Kevin and Tina. Morgan was unable to recall when she obtained Wasaubi, but it was before her parents filed for divorce. Phantom arrived during her sophomore year of high school and Shorty when Morgan was 14 years old. Morgan testified that the purpose of obtaining these horses was to further her rodeo career and that each of her parents referred to the animals as Morgan's horses. Aside from one rodeo in which Kevin rode Shorty, Morgan was the sole rider of the horses in rodeo competitions.

Morgan testified she took care of the horses by paying for their stalls, hay, grain, veterinary bills, and water. Tina, however, claimed that she covered the entirety of the feed bill for the horses and helped pay veterinary bills and other associated costs, while Kevin did not contribute after August 2018. Morgan drove 4 hours roundtrip to obtain grain for the horses. Morgan testified regarding her emotional attachment to the horses and the amount of training she put into each of them to prepare for her rodeos. Tina relayed her concern for Morgan's emotional state and inability to maintain her college scholarship should she not be able to keep the horses.

Morgan is listed as the owner on the certificate of registration for both Wasaubi and Shorty. No certificate was offered as to Phantom, but the parties agree that horse was also transferred to Morgan. Morgan testified that ownership was transferred to her in early October 2017 so Kevin would not sell them. She paid Tina one dollar each for Wasaubi, Shorty, and Phantom. Morgan explained that she and Tina unilaterally decided to take the horses out of Kevin's name, and Morgan believed that only one horse owner needed to sign paperwork to transfer ownership of the horses. Tina confirmed that she transferred title of the horses to Morgan out of concern that Kevin would take them and not allow Morgan to use them at college.

The district court ordered in the divorce decree that the three horses, Wasaubi, Phantom, and Shorty, were nonmarital property. The court stated that Morgan fed, watered, stalled, and conditioned the horses daily and that the evidence showed Kevin and Tina intended to gift the horses to Morgan. Kevin timely appealed.

ASSIGNMENTS OF ERROR

Kevin assigns the district court erred in determining that the horses in Morgan's possession were gifts to her from her parents.

STANDARD OF REVIEW

Whether a party waived his or her right to appellate review is a question of law. When reviewing questions of law, an appellate court resolves the questions independently of the lower court. *Becher v. Becher*, 299 Neb. 206, 908 N.W.2d 12 (2018).

In actions for dissolution of marriage, an appellate court reviews de novo on the record the trial court's determinations of custody, child support, property division, alimony, and attorney fees; these determinations, however, are initially entrusted to the trial court's discretion and will normally be affirmed absent an abuse of that discretion. *Donald v. Donald*, 296 Neb. 123, 892 N.W.2d 100 (2017); *Bornhorst v. Bornhorst*, 28 Neb. App. 182, 941 N.W.2d 769 (2020). A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 275 (2018).

ANALYSIS

*Satisfaction of Property Equalization Payment.*

Tina asserts that because Kevin paid the property equalization judgment in full, he has waived his right to appeal the decree. We find this argument misguided.

In *Kassebaum v. Kassebaum*, 178 Neb. 812, 135 N.W.2d 704 (1965), the appellant contested the findings of the district court in a divorce action. The appellee filed a motion to dismiss the appeal because the appellant had paid the court costs, attorneys' fees, and child support required by the divorce decree; thus, the appellee contended that the appellant had waived his right of appeal. *Id.* The Nebraska Supreme Court disagreed. Explaining the holding in *Kassebaum*, the court in *Liming v. Liming*, 272 Neb. 534, 723 N.W.2d 89 (2006) explained "that the appellant in *Kassebaum* 'had accepted no benefit conferred upon him, but, rather, had merely discharged, pending the outcome of the appeal, the obligations imposed upon him.'" *Liming v. Liming*, 272 Neb. at 541, 723 N.W.2d at 95, quoting *Shiers v. Shiers*, 240 Neb. 856, 485 N.W.2d 574 (1992). As such, the *Kassebaum* court found that the appellant had not waived his right to an appeal.

We find the circumstances surrounding Kevin's payment similar to that of the *Kassebaum* appellant. By paying the equalization payment owed to Tina, Kevin discharged the obligations imposed upon him by the court and has accepted no benefit conferred upon him. Therefore, Kevin did not waive his right to appeal the court's decision finding the horses to be nonmarital property.

*Dissipation of Three Horses.*

Kevin argues that Tina unilaterally transferred title of the horses Wasaubi, Phantom, and Shorty to Morgan; therefore, the court erred in finding that the parties intended to gift them to her, resulting in their erroneous classification as nonmarital property. The ultimate question before us is whether the district court abused its discretion in determining that the three horses were nonmarital property. We find it did not.

Morgan testified that ownership of the horses could be transferred with the signature of just one owner and Tina confirmed that she transferred ownership to Morgan. Kevin does not argue that ownership was not transferred; rather, he claims it was done with an intent to prevent him from taking possession of the horses. Regardless, at the time Tina filed for divorce, the horses had been transferred to Morgan. Consequently, we view Kevin's assertion as a dissipation argument.

As a general rule, all property accumulated and acquired by either spouse during the marriage is part of the marital estate, unless it falls within an exception to the general rule. *Gangwish v. Gangwish*, 267 Neb. 901, 678 N.W.2d 503 (2004). Dissipation of marital assets is one spouse's use of marital property for a selfish purpose unrelated to the marriage at the time when the marriage is undergoing an irretrievable breakdown. *Harris v. Harris*, 261 Neb. 75, 621 N.W.2d 491 (2001). Ultimately, marital assets dissipated by a spouse for purposes unrelated to the marriage should be included in the marital estate in dissolution actions. *Reed v. Reed*, 277 Neb. 391, 763 N.W.2d 686 (2009).

In *Schnackel v. Schnackel*, 27 Neb. App. 789, 937 N.W.2d 234 (2019), we determined that the burden of proof and persuasion was on the party claiming dissipation. There is no question that the marriage was undergoing an irretrievable breakdown at the time the horses were transferred to

Morgan. The evidence shows the couple had separated on October 4, 2017, and Tina had obtained a protection order against Kevin.

Kevin, however, failed to establish that Tina transferred the horses for a selfish purpose. Our case law has not specifically defined what constitutes a "selfish purpose," although we have examined a similar factual circumstance in which a parent gives property to a child in the course of a divorce. In *Plog v. Plog*, 20 Neb. App. 383, 824 N.W.2d 749 (2012), the husband argued that the trial court erred in finding insufficient evidence that his wife dissipated their marital assets. The wife gave nearly $30,000 over the course of 4 years to her biological daughter, with whom the appellant husband "had something approaching a father-daughter relationship," even though he was neither her biological nor adoptive father. *Id.* at 396, 824 N.W.2d at 760. Despite the husband not being agreeable to supporting her, the wife gave her daughter the funds to help her with her addiction issues and the difficulties of being a young mother. *Id.* We found no error in the trial court's determination that the money spent on the daughter was "'consistent with a typical parent-child relationship' and that thus, the evidence did not show dissipation concerning the money" the appellant's wife gave to the woman. *Id.*

In the instant case, Tina did transfer the horses to Morgan just 6 days prior to filing for dissolution at the rate of $1 per horse. Nonetheless, the evidence established this transfer's purpose was for Morgan to use the horses in furtherance of her rodeo scholarship and not for any personal financial gain for Tina. This transfer aligns with the court's determination in *Plog* that such an action was "'consistent with a typical parent-child relationship'" rather than proof of dissipation. *Id.* Given the facts of this case in which Morgan had long-standing use and responsibility for the horses, it would be improper to find that giving her the horses to benefit her education constituted a selfish purpose.

Additionally, Tina testified that because of an aneurysm that occurred in March 2018 and the side effects she suffered after, her doctors no longer permitted her to ride horses. She also is financially unable to provide care for the horses on her own. Thus, it is unlikely that Tina had any underlying notion to retain ownership of the horses once Morgan either completed college or no longer needed the horses for retention of her scholarship. As such, Kevin failed to prove dissipation due to a lack of evidence showing a selfish purpose for Tina's transfer of the horses to their daughter.

Therefore, we find no abuse of discretion in the district court's classification of the horses as nonmarital property.

## CONCLUSION

For the aforementioned reasons, we affirm the district court's decree.

AFFIRMED.