Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/13/2025 09:10 AM CDT

Tara Gentele, appellant, v.
Christopher Gentele, appellee.

___ N.W.3d ___

Filed June 13, 2025.    No. S-24-472.

1. **Waiver: Appeal and Error.** Whether a party waived his or her right to appellate review is a question of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.
3. ____: ____. Generally, under the acceptance of benefits rule, an appellant may not voluntarily accept the benefits of part of a judgment in the appellant's favor and afterward prosecute an appeal or error proceeding from the part that is against the appellant.

Appeal from the District Court for Lancaster County: Andrew R. Jacobsen, Judge. Appeal dismissed.

Gregory D. Barton, of Barton Law, P.C., L.L.O., for appellant.

John W. Ballew, Jr., of Ballew Hazen Byrd, P.C., L.L.O., for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Papik, J.

Tara Gentele and Christopher Gentele attempted to resolve disputed issues in their divorce proceedings through mediation. Christopher claimed that during the mediation, the parties reached a settlement agreement. When Tara later denied

that a settlement agreement was reached, Christopher asked the district court to enforce the settlement agreement. The district court found that the parties did reach a settlement agreement at the mediation, and it entered a dissolution decree imposing the agreement's terms. The decree included a provision requiring Christopher to make a series of equalization payments to Tara and a provision evenly dividing certain credit card rewards points between the parties. Shortly after the decree was entered, Christopher made an equalization payment and transferred the rewards points to Tara pursuant to the decree. Tara accepted the equalization payment and the transfer of rewards points, but she also filed a notice of appeal. On appeal, she argues that the district court erred by enforcing the settlement agreement. We find that the acceptance of benefits rule precludes Tara's appeal and therefore dismiss it.

## BACKGROUND

*Parties Initiate Divorce Proceedings
and Engage in Mediation.*

Tara and Christopher were married in 2009 and had two children together. By 2022, both parties wanted a divorce. Tara initiated divorce proceedings in the district court, and Christopher filed an answer and counterclaim in which he also requested that the district court dissolve the marriage.

Although both parties wanted a divorce, they disagreed on terms of dissolution. Tara and Christopher participated in a mediation in an attempt to resolve various disputed issues including parenting time, property division, alimony, and child support.

Tara and Christopher disagree about what transpired at the mediation. Christopher asserts that the parties reached a complete settlement agreement by the mediation's end. Tara claims that late in the mediation, she rejected a proposal made by Christopher and left the mediation. There is no dispute that Tara left the mediation without signing a settlement agreement.

*District Court Enforces Settlement Agreement.*

Contrary to the expectations of Christopher's attorney, Tara's counsel did not prepare a formal agreement memorializing a settlement after the mediation. Instead, Tara retained new counsel, who filed an entry of appearance and a motion requesting an antihypothecation order. When it had become apparent that Tara was taking the position that a settlement agreement had not been reached, Christopher filed a motion to enforce the settlement agreement.

The district court held a hearing on Christopher's motion to enforce the settlement agreement. Christopher, Tara, and the mediator testified as to their recollections of the mediation. Tara testified that she left the mediation without agreeing to a settlement. Christopher and the mediator testified that the parties reached a settlement agreement that was memorialized in a written document that was received by the district court. In addition to her contention that she did not agree to a settlement agreement, Tara also argued to the district court that Christopher's motion should be denied because any agreement was covered by the statute of frauds and she had not signed the document that, according to Christopher, memorialized the settlement agreement.

After the evidentiary hearing, the district court entered an order granting Christopher's motion. The district court found that the parties had reached an enforceable agreement at the mediation. The district court's order did not expressly address Tara's argument that without a signed agreement, the settlement agreement was unenforceable under the statute of frauds.

The district court held a final dissolution hearing before entering a dissolution decree. At that hearing, Tara testified to her belief that the marriage was irretrievably broken. She also testified that while she understood that the decree would be based upon the terms of the settlement agreement the district court had found the parties entered into, she believed those terms were not fair and reasonable. Specifically, she testified that the settlement agreement was premised on an incorrect

valuation of a business that was allocated to Christopher under the settlement agreement. She testified that a certified public accountant she had hired had determined that the business was worth approximately $100,000 more than the amount that was used to arrive at the settlement agreement. Christopher also testified at the final dissolution hearing. He testified that he believed the settlement agreement was fair and reasonable.

After the final dissolution hearing, the district court entered a decree dissolving the parties' marriage. The dissolution decree imposed the terms the district court had found the parties agreed to in the settlement agreement. Those terms included an order for joint legal and physical custody of the parties' children. The decree also included a provision requiring Christopher to make an equalization payment of $275,000 to Tara in installments. The decree required Christopher to make the first payment of $100,000 within 7 days of the entry of the decree. Additional amounts were to be paid over the next 3 years. The decree also provided each party was to receive half of certain credit card rewards points they had earned over the course of the marriage.

*Tara Accepts Equalization Payment and*
*Rewards Points and Files Appeal.*

Two days after the dissolution decree was entered, Tara filed documents in the district court acknowledging that she had received a $100,000 equalization payment, as well as the rewards points allocated to her by the decree. Later that same day, she filed a notice of appeal.

We moved the appeal to our docket pursuant to Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

ASSIGNMENTS OF ERROR

Tara assigns on appeal, restated, that the district court erred by enforcing the settlement agreement because (1) the parties never reached an agreement and (2) without her signature on a written agreement, the agreement Christopher contends the parties reached is unenforceable under the statute of frauds.

If she prevails on either assignment of error, Tara asks us to vacate the decree and the order enforcing the settlement agreement and to direct the district court to conduct further proceedings.

## STANDARD OF REVIEW

[1,2] Whether a party waived his or her right to appellate review is a question of law. *Becher v. Becher*, 299 Neb. 206, 908 N.W.2d 12 (2018). When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions. *Id.*

## ANALYSIS

Christopher raises a threshold matter we address before entertaining the merits of Tara's appeal: whether the appeal is precluded because Tara accepted the benefits of the judgment she now challenges on appeal. We find that it is.

[3] For nearly as long as Nebraska has been a state, this court has recognized the acceptance of benefits rule. In *Hamilton County v. Bailey*, 12 Neb. 56, 60, 10 N.W. 539, 541 (1881), this court, citing decisions from the Iowa Supreme Court, explained that a party could not "accept the amount awarded to him by an order or judgment, and thereby receive the benefit of the same and appeal from such order or judgment." In the decades that followed, this court continued to recognize and apply some version of that rule. See, e.g., *Liming v. Liming*, 272 Neb. 534, 723 N.W.2d 89 (2006) (collecting cases). In more recent years, we have articulated the general acceptance of benefits rule as follows: "Generally, under the acceptance of benefits rule, an appellant may not voluntarily accept the benefits of part of a judgment in the appellant's favor and afterward prosecute an appeal or error proceeding from the part that is against the appellant." *Seldin v. Estate of Silverman*, 305 Neb. 185, 220, 939 N.W.2d 768, 794 (2020).

There is no dispute in this case that Tara's appeal falls within the general acceptance of benefits rule as articulated above. By accepting Christopher's equalization payment and

the transfer of the rewards points, Tara voluntarily accepted benefits afforded to her by the decree and then subsequently sought to challenge the decree on appeal. We are aware that some courts have held that if a party accepts the benefits of a judgment or decree due to financial duress, they have not voluntarily accepted the benefits for purposes of the acceptance of benefits rule. See, e.g., *Haggard v. Haggard*, 550 S.W.2d 374 (Tex. App. 1977). Tara, however, makes no argument that she accepted the benefits under financial duress.

Tara maintains that her appeal should be allowed to proceed despite her voluntary acceptance of benefits. She argues that her appeal is not precluded because it falls within an exception to the general acceptance of benefits rule. We extensively discussed the acceptance of benefits rule and its exceptions in *Liming*. Because this discussion from *Liming* is relevant to Tara's arguments, we summarize the opinion from that case in considerable detail below.

*Liming* came to this court via a petition for further review. The Nebraska Court of Appeals had summarily affirmed an appeal under the acceptance of benefits rule after a party to a marital dissolution proceeding had accepted an alimony payment made pursuant to a dissolution decree and subsequently challenged on appeal the decree's division of the marital estate.

On further review, this court traced the history of the acceptance of benefits rule in Nebraska. We noted that for nearly as long as this court had recognized the general acceptance of benefits rule, it had recognized that the rule was subject to exceptions. For example, we observed that our cases had long recognized that an appeal is not precluded where a party accepts the benefits of a judgment or decree but the "right to the benefit accepted is absolute and cannot possibly be affected by reversal of the judgment." *Liming*, 272 Neb. at 539, 723 N.W.2d at 94. Further explaining this exception, we stated that "[i]t is the possibility that appeal may lead to a result showing that the party was not entitled to what was received under the judgment appealed from that defeats the

right of appeal," but "[w]here there is no such possibility," the rule does not apply. *Id.*

We then mentioned some specific situations that would fall within the exception and in which an appeal would thus not be precluded despite the appellant's acceptance of benefits: "where one is shown to be so absolutely entitled to the sum collected or accepted that reversal of the judgment or decree will not affect his or her right to it, as in the case of a collection of an admitted or uncontroverted part of his or her demand" and "when the appellant is conceded to be entitled to the thing he or she has accepted and where the appeal relates only to an additional claim on his or her part." *Liming v. Liming*, 272 Neb. 534, 539, 723 N.W.2d 89, 94 (2006).

We further explained that in concluding that the acceptance of benefits rule precluded the appeal at issue in *Liming*, the Court of Appeals had relied on two cases decided by this court that had failed to recognize that the general acceptance of benefits rule was subject to the exception discussed above. See, e.g., *Giese v. Giese*, 243 Neb. 60, 497 N.W.2d 369 (1993); *Shiers v. Shiers*, 240 Neb. 856, 485 N.W.2d 574 (1992). We found, however, that the exception was consistent with our historic approach to the acceptance of benefits rule as well as the weight of authority from other jurisdictions. We therefore disapproved of *Giese* and *Shiers* to the extent they failed to recognize the exception.

Having clarified the governing law, we then found that the appeal in *Liming* was not precluded by the acceptance of benefits rule. Because the appellant's challenge to the district court's property division could not possibly affect the appellant's right to the alimony payment she had accepted, the appeal was not precluded. *Liming*, 272 Neb. at 545, 723 N.W.2d at 98 ("it is clear that [the appellant's] acceptance of the benefits of the alimony award is not inconsistent with her appellate argument regarding the property division, and appellate disposition of that appellate argument could not affect the alimony award entered by the district court").

Returning to this case, Tara contends that her appeal involves one of the specific situations identified in *Liming* as not being subject to the acceptance of benefits rule. Specifically, she contends that in this case, Christopher has conceded her right to the equalization payment and the rewards points she accepted. Pointing to her testimony at the final dissolution hearing that the business awarded to Christopher was undervalued in the settlement agreement, Tara also claims that she is pursuing this appeal merely to seek a larger equalization payment and that such a remedy would not be inconsistent with her acceptance of the equalization payment and rewards points. For reasons we will explain, we disagree with Tara's arguments that her appeal falls within an exception to the general acceptance of benefits rule.

First, this is not a case where Christopher has conceded that Tara is entitled to the benefits Tara accepted, such that the acceptance of benefits rule does not apply. Tara argues that Christopher conceded her right to the equalization payment and the rewards points because he agreed to transfer those benefits to her in the settlement agreement. But the concession scenario envisioned in *Liming* is one in which the right to the benefit accepted is absolute and could not be affected by reversal on appeal. It would thus occur when the nonappealing spouse concedes that the appellant would remain entitled to the accepted benefits *even if his or her appeal is successful*. In this case, Christopher has made no such concession. While he agreed to transfer benefits to Tara as part of the settlement agreement, Tara can point to nothing in the record that shows that Christopher has conceded that if Tara is successful on appeal and the decree is vacated, Tara would ultimately be entitled to the same benefits she has already accepted.

As for Tara's argument that she is appealing merely to pursue a larger equalization payment, she again misunderstands the *Liming* opinion. Tara relies on the following excerpt from that case:

[W]hen an appellant in a dissolution action accepts only that which the appellee concedes, or is bound to concede, to be due to the appellant under the decree, the appellant is not barred from prosecution of an appeal *which involves only the appellant's right to a future recovery*. Acceptance of part of the award in such circumstances is not inconsistent with the appellant's claim that the award should have been larger.

*Liming v. Liming*, 272 Neb. 534, 543-44, 723 N.W.2d 89, 97 (2006) (emphasis supplied). This language does not support Tara's position, however. As the italicized text above makes clear, acceptance of part of the award is not inconsistent with the appellant's claim that the award should have been larger when the appeal "involves only the appellant's right to a future recovery." *Id.* at 544, 723 N.W.2d at 97. But in Tara's case, the appeal does not involve only her right to a future recovery; it also involves her right to a past recovery. Her appeal seeks to vacate the dissolution decree and the order enforcing the settlement agreement—the orders that created her right to the equalization payment and the rewards points in the first place. Tara's acceptance of those benefits *is* inconsistent with her arguments on appeal. This case thus stands in contrast to a case like *Liming* in which the appellant accepted an alimony payment but on appeal sought only to obtain a more favorable property division.

Tara, however, apparently sees this case as no different than *Liming*. In her view, if her appeal is successful and the decree is vacated, the case could only end with her ultimately receiving the same or a greater property settlement award than that provided by the current decree. We see no basis for us to conclude that is the only possible outcome. If the settlement agreement and the decree were vacated, this case would be remanded for further contested proceedings in the district court. Perhaps the evidence adduced at those proceedings would lead the district court to order that Tara receive the same property settlement award as that provided to her by

the current decree or a larger one, but perhaps not. Based on this record, which primarily includes evidence about whether a settlement agreement was reached, we have no way to know. And, as our cases have emphasized, "[*i*]*t is the possibility* that appeal may lead to a result showing that the party was not entitled to what was received under the judgment appealed from that defeats the right of appeal" under the acceptance of benefits rule. *Liming*, 272 Neb. at 539, 723 N.W.2d at 94 (emphasis supplied). To the same effect is an older case that analyzed the applicability of the acceptance of benefits rule by asking: "Could the appeal in this case affect the right of the plaintiff to the benefit which came to it as a result of the acceptance of the property in question?" *First Trust Co. v. Hammond*, 139 Neb. 546, 551, 298 N.W. 144, 147 (1941). Because there is a possibility that Tara's appeal would affect Tara's right to the benefits she accepted, the acceptance of benefits rule precludes her appeal.

In prior cases in which we have found that the acceptance of benefits rule applies, we have dismissed the appeal without discussing its merits. See, e.g., *Fletcher v. Fletcher*, 227 Neb. 179, 416 N.W.2d 570 (1987); *Snyder v. Hill*, 153 Neb. 721, 45 N.W.2d 757 (1951); *Harte v. Castetter*, 38 Neb. 571, 57 N.W. 381 (1894). We follow the same course here.

CONCLUSION

Because we find Tara's appeal is precluded under the acceptance of benefits rule, we dismiss the appeal.

Appeal dismissed.