Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/29/2020 09:08 AM CDT

Millard R. Seldin, individually and as Trustee of the
Millard R. Seldin Revocable Trust, dated October 9,
1993, et al., appellants and cross-appellees,
and Scott A. Seldin, individually and as
Trustee of the Seldin 2002 Irrevocable Trust,
dated December 31, 2002, appellant,
cross-appellant, and cross-appellee, v.
Estate of Stanley C. Silverman et al.,
appellees, cross-appellants,
and cross-appellees.

Theodore M. Seldin, individually and as Trustee of
the Amended and Restated Theodore M. Seldin
Revocable Trust, dated May 28, 2008, et al.,
appellees, cross-appellants, and cross-appellees,
v. Millard R. Seldin, individually and as
Trustee of the Millard R. Seldin Revocable
Trust, dated October 9, 1993, et al., appellants and
cross-appellees, and Scott A. Seldin, individually
and as Trustee of the Seldin 2002 Irrevocable
Trust, dated December 31, 2002, appellant,
cross-appellant, and cross-appellee.

___ N.W.2d ___

Filed March 6, 2020.    Nos. S-19-310, S-19-311.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
not involve a factual dispute is determined by an appellate court as a
matter of law.
2. **Judgments: Arbitration and Award: Federal Acts: Appeal and
Error.** In reviewing a decision to vacate, modify, or confirm an arbi-
tration award under the Federal Arbitration Act, an appellate court is

obligated to reach a conclusion independent of the trial court's ruling as to questions of law. However, the trial court's factual findings will not be set aside on appeal unless clearly erroneous.

3. **Attorney Fees: Appeal and Error.** On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.

4. \_\_\_\_: \_\_\_\_. When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion.

5. **Pleadings: Judgments: Appeal and Error.** A motion to alter or amend a judgment is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion.

6. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

7. **Arbitration and Award: Federal Acts: Contracts.** Arbitration in Nebraska is governed by the Federal Arbitration Act if it arises from a contract involving interstate commerce; otherwise, it is governed by Nebraska's Uniform Arbitration Act.

8. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it.

9. **Arbitration and Award: Federal Acts: Jurisdiction: Notice.** The Federal Arbitration Act's notice requirements are jurisdictional, and failure to strictly comply deprives the district court of authority under the Federal Arbitration Act to vacate the arbitration award.

10. **Arbitration and Award: Federal Acts: Notice.** The Federal Arbitration Act's notice requirements are satisfied if the notice provided complies with Nebraska's statutory notice requirements.

11. **Arbitration and Award: Federal Acts: Legislature.** The Federal Arbitration Act favors arbitration agreements and applies in both state and federal courts. It also preempts conflicting state laws and forecloses state legislative attempts to undercut the enforceability of arbitration agreements.

12. **Arbitration and Award: Motions to Vacate.** When arbitration has already occurred and a party seeks to vacate, modify, or confirm an award, an extraordinary level of deference is given to the underlying award itself.

13. **Arbitration and Award: Federal Acts: Motions to Vacate.** The Federal Arbitration Act sets forth four grounds under which a court may vacate an arbitration award, and in the absence of one of these grounds, the award must be confirmed.

14. **Arbitration and Award: Federal Acts: Motions to Vacate: Proof.** A party seeking to vacate an award for misconduct under 9 U.S.C. § 10(a)(3) (2018) of the Federal Arbitration Act must show that he or she was deprived of a fair hearing.

15. **Arbitration and Award: Federal Acts.** Under 9 U.S.C. § 10(a)(2) (2018) of the Federal Arbitration Act, evident partiality exists where the nondisclosure at issue objectively demonstrates such a degree of partiality that a reasonable person could assume that the arbitrator had improper motives.

16. **Arbitration and Award: Federal Acts: Motions to Vacate.** Under the Federal Arbitration Act, courts lack authority to vacate or modify arbitration awards on any grounds other than those specified in 9 U.S.C. §§ 10 and 11 (2018) of the Federal Arbitration Act.

17. **Arbitration and Award: Federal Acts: Motions to Vacate: Public Policy.** Under the Federal Arbitration Act, a court is not authorized to vacate an arbitration award based on public policy grounds because public policy is not one of the exclusive statutory grounds set forth in 9 U.S.C. § 10 (2018) of the Federal Arbitration Act.

18. **Arbitration and Award: Federal Acts: Contracts: Proof.** Pursuant to 9 U.S.C. § 10(a)(4) (2018) of the Federal Arbitration Act, a court is authorized to set aside an arbitration award where the arbitrator exceeded his or her powers. However, it is not enough to show that the arbitrator committed an error—or even a serious error. The analysis is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he or she got its meaning right or wrong.

19. **Attorney Fees.** Attorney fees shall be awarded against a party who alleged a claim or defense that the court determined was frivolous, interposed any part of the action solely for delay or harassment, or unnecessarily expanded the proceeding by other improper conduct.

20. **Actions: Attorney Fees: Words and Phrases.** A frivolous action is one in which a litigant asserts a legal position wholly without merit; that is, the position is without rational argument based on law and evidence to support the litigant's position. The term frivolous connotes an improper motive or legal position so wholly without merit as to be ridiculous.

21. **Actions.** Any doubt about whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question.

22. **Appeal and Error.** An appeal or error proceeding, properly perfected, deprives the trial court of any power to amend or modify the record as to matters of substance.

23. **Arbitration and Award: Federal Acts: Contracts.** Under the Federal Arbitration Act, arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms.

24. **Arbitration and Award.** An evident material mistake is an error that is apparent on the face of the record and would have been corrected had the arbitrator known at the time.

25. **Attorney Fees: Appeal and Error.** Ordinarily, an improper calculation of attorney fees would require a remand in order to reconfigure the award. However, when the record is sufficiently developed that a reviewing court can apply the law to the facts and calculate a fair and reasonable fee without resorting to remand, that route is available to the appellate court.

26. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

27. **Judgments: Appeal and Error.** Generally, under the acceptance of benefits rule, an appellant may not voluntarily accept the benefits of part of a judgment in the appellant's favor and afterward prosecute an appeal or error proceeding from the part that is against the appellant.

28. ____: ____. The acceptance of the benefits rule does not apply when the appellant has conceded to be entitled to the thing he or she has accepted and where the appeal relates only to an additional claim on his or her part.

29. **Judgments: Proof: Appeal and Error.** In asserting that the acceptance of benefits rule precludes an appeal, the burden is on the party asserting the rule to demonstrate that the benefits of the judgment were accepted.

Appeals from the District Court for Douglas County: J Russell Derr, Judge. Affirmed as modified.

Jason M. Bruno and Robert S. Sherrets, of Sherrets, Bruno & Vogt, L.L.C., for appellants.

Bartholomew L. McLeay, of Kutak Rock, L.L.P., for appellee Scott A. Seldin, individually.

Robert L. Lepp and Mathew T. Watson, of McGill, Gotsdiner, Workman & Lepp, P.C., L.L.O., and Sean K. McElenney, of Bryan, Cave, Leighton & Paisner, L.L.P., for Omaha Seldin appellees.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## I. INTRODUCTION

This is an appeal from a judgment of the district court for Douglas County, confirming an arbitration award of $2,997,031 under the Federal Arbitration Act (FAA)[1] and awarding attorney fees as a sanction under Neb. Rev. Stat. § 25-824 (Reissue 2016).

## II. BACKGROUND

These two cases arose out of an arbitration between family members designated as the "Omaha Seldins" and the "Arizona Seldins." The term "Omaha Seldins" refers to the following individuals, entities, and trusts: Theodore M. Seldin, individually and in his capacity as trustee of the Amended and Restated Theodore M. Seldin Revocable Trust, dated May 28, 2008; Howard Scott Silverman as trustee of the Amended and Restated Stanley C. Silverman Revocable Trust, dated August 26, 2006; Silverman Holdings, LLC, a Nebraska limited liability company; SCS Family, LLC, a Nebraska limited liability company; TMS & SNS Family, LLC, a Nebraska limited liability company; Sarah N. Seldin and Irving B. Epstein, as trustees of the Theodore M. Seldin and Sarah N. Seldin Children's Trust, dated January 1, 1995; Uri Ratner as trustee of the Stanley C. Silverman and Norma R. Silverman Irrevocable Trust Agreement (2008), dated April 10, 2008; John W. Hancock, Irving B. Epstein, and Randall R. Lenhoff as trustees of the Theodore M. Seldin and Sarah N. Seldin Irrevocable Trust Agreement (2008), dated May 12, 2008. The term "Arizona Seldins" refers to the following individuals, entities, and trusts: Millard R. Seldin, individually and as trustee of the Millard R. Seldin Revocable Trust, dated October 9, 1993; Scott A. Seldin, individually and as trustee of the Seldin 2002 Irrevocable Trust, dated December 13, 2002; Seldin Real Estate, Inc., an Arizona corporation; Kent Circle Investments, LLC, an Arizona limited liability company;

---

[1] 9 U.S.C. §§ 1 through 16 (2018).

and Belmont Investments, LLC, an Arizona limited liability company.

For a period of more than 50 years, the parties held joint ownership interests as the Seldin Company in numerous entities located in the Omaha, Nebraska, area. The three principals of the Seldin Company were Millard; Millard's younger brother, Theodore; and Millard's brother-in-law, Stanley C. Silverman. The Seldin Company's principal place of business was Omaha. However, in 1987, Millard began relocating the business operations from Omaha to Scottsdale, Arizona. Theodore and Stanley co-owned the company, and they agreed to manage the jointly owned properties through management agreements.

In 2007, the Arizona Seldins (specifically Millard and Millard's son, Scott) began to question how Theodore and Stanley were managing the jointly owned properties. In 2010, the Arizona Seldins terminated the management agreements and the parties entered into an agreement to separate their joint interests in real estate assets through a bidding process. The "Separation Agreement" included a provision whereby the parties agreed to resolve all "Ancillary Claims" exclusively through binding arbitration before arbitrator Stefan Tucker with the Venable, LLP, law firm in Washington, D.C. In case of Tucker's inability to serve as arbitrator, the agreement named a Venable partner as his successor. If both Tucker and the successor were unable to serve as arbitrator, the agreement provided that Venable's managing partner was responsible for identifying a substitute successor. The agreement also included provisions defining the scope of arbitration, as well as a provision that the "Commercial Division Rules" of the American Arbitration Association (AAA) would govern.

After the bidding process was completed, the parties began arbitration before Tucker in October 2011. While the arbitration was ongoing, the Arizona Seldins filed three lawsuits in the district court for Douglas County regarding their claims or, alternatively, seeking to remove Tucker as arbitrator. The district court dismissed the lawsuits and compelled the Arizona

Seldins back to arbitration after finding the FAA governed the arbitration provision in the agreement. The Arizona Seldins then filed a demand with the AAA, seeking to disqualify Tucker as the arbitrator. The AAA denied the request; however, Tucker subsequently resigned and neither the successor arbitrator nor Venable was willing to participate in the arbitration. The parties agreed to select an arbitrator through the AAA, and Eugene R. Commander (hereinafter arbitrator) was appointed.

Arbitration resumed in October 2013. Due to the number of claims, each involving several independent causes of action and affirmative defenses, the arbitrator proposed bifurcating each claim to address liability and damage claims in separate hearings when necessary. The parties agreed to the proposal, and a schedule of hearings was adopted.

After extensive discovery was conducted, 11 evidentiary hearings took place over a span of 14 months. Pursuant to the separation agreement, the hearings took place in Omaha. During the 53 days of hearings, 58 fact and expert witnesses testified and 1,985 exhibits were admitted into evidence. As permitted by the AAA's rules,[2] the arbitrator issued 12 separate interim awards at the end of hearings in which determinations of liability or damages had been made. The parties agreed that these interim awards were not considered final awards and that a final award would be issued after the arbitration had closed. The parties also agreed that the entities and individuals that made up each of the two parties were jointly and severally liable for any award issued by the arbitrator.

At some point during the arbitration proceedings, the Arizona Seldins asserted that the Omaha Seldins' lack of tender of one of its assets, Sky Financial Securities, LLC (Sky Financial), was a defense to damages under the Arizona Securities Act. Sky Financial is an Arizona limited liability company, created as part of a plan to acquire and operate a chain of pizza

---

[2] American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures R-37 at 24 (Oct. 1, 2013).

restaurants in numerous states. In response, the Omaha Seldins requested that the arbitrator take possession of Sky Financial as a form of interpleader so as to permit the award of the asset to the appropriate party after a determination was made. The Arizona Seldins did not object to the procedure, and when asked whether the assignment as a form of interpleader was acceptable to both sides, the Arizona Seldins stated, "Yes." The Omaha Seldins then tendered Sky Financial to the arbitrator by assignment.

In one of the interim awards, the arbitrator determined that the Arizona Seldins had breached their fiduciary duties and engaged in securities law violations relating to Sky Financial. After finding that none of the affirmative defenses raised by the Arizona Seldins were meritorious, the arbitrator awarded the Omaha Seldins $1,962,528 in damages for their lost corporate opportunities claims, as well as an additional $3,135,681 in recessionary damages for the securities violation claims.

On April 12, 2017, the arbitration was officially closed. On April 27, the arbitrator issued a final net award in favor of the Omaha Seldins and against the Arizona Seldins in the amount of $2,997,031, plus postaward simple interest. The final award incorporated each of the prior interim awards issued and found the Arizona Seldins jointly and severally liable for the entire amount.

On May 23, 2017, the Omaha Seldins filed a motion to confirm the final award in district court. Opposing confirmation, the Arizona Seldins filed a motion seeking to modify, correct, and/or vacate the award. The Arizona Seldins argued, summarized, that the arbitrator (1) engaged in misbehavior regarding assignment of the Sky Financial asset, and thus the Omaha Seldins lacked standing after the assignment; (2) failed to provide a reasoned award on three of the Arizona Seldins' key affirmative defenses; (3) exceeded his power in awarding legal fees and expenses to the Omaha Seldins, because the separation agreement precluded the award of attorney fees; and (4) materially miscalculated the amount of prejudgment interest by applying the incorrect interest rate or, alternatively, exceeded

his power in awarding damages that included the calculated amount of prejudgment interest.

Scott, one of the Arizona Seldins, sought further and separate relief. Scott argued that with regard to the Sky Financial claims, the arbitrator made an "evident material mistake in the description of 'Respondents'" and made an award on matters not submitted to him. Scott alternatively argued that the arbitrator exceeded his power or imperfectly executed it, by issuing an award of liability against Scott on those claims. In addition, Scott filed multiple applications seeking to vacate, confirm, and/or modify some of the interim awards in companion cases CI 16-7509, CI 16-8394, CI 17-506, CI 17-651, and CI 17-3637. The district court held that the interim awards were nonfinal arbitration orders and dismissed the applications.

On May 3, 2018, the district court issued an order sustaining the Omaha Seldins' motion to confirm the arbitration award and overruling the Arizona Seldins' motion to vacate the award. The district court also awarded the Omaha Seldins

> an amount equal to the attorneys' fees and costs [the Omaha Seldins] incurred in resisting [the Arizona Seldins'] application seeking vacation or modification of the Final Award and in seeking dismissal of the various applications (Case Nos. CI 16-7509; CI 16-8394; CI 17-506; CI 17-651; and CI 17-3637) . . . Scott . . . filed seeking to modify, vacate, or confirm the Arbitrator's Interim Awards [under Neb. Rev. Stat. "§ 25-834"].

The district court had mistakenly referred to the statute authorizing the sanction as Neb. Rev. Stat. § 25-834 (Reissue 1995), instead of § 25-824.

On July 30, 2018, the Omaha Seldins offered into evidence affidavits with attached fee statements from two law firms, demonstrating the amount of fees incurred on behalf of the Omaha Seldins in resisting the Arizona Seldins' motion to vacate and in seeking dismissal of Scott's interim award applications. The affidavits established that the law firm of McGill, Gotsdiner, Workman & Lepp, P.C., L.L.O. (McGill),

had incurred $131,184.45 in fees and that the law firm of Bryan Cave Leighton Paisner LLP (Bryan Cave) had incurred $211,676.50 in fees, both on behalf of the Omaha Seldins. The exhibit containing the McGill firm's statement of fees had been redacted for privilege purposes. At a subsequent hearing, the Omaha Seldins offered an unredacted version of the McGill firm's fee statement, which the court received into evidence under seal.

On February 28, 2019, the district court issued its order denying the Arizona Seldins' and Scott's motions to alter or amend. In the same order, the district court awarded the Omaha Seldins attorney fees in the amount of $131,184.45.

On June 3, 2019, the Omaha Seldins filed a motion for order nunc pro tunc, requesting that the district court modify the amount of attorney fees to include Bryan Cave's fees of $211,676.50, for a total award of $342,860.95. After a hearing on the motion, in a written order dated August 26, 2019, the district court denied the Omaha Seldins' motion for order nunc pro tunc. In its order, the district court stated that it had "clearly intended to award attorney fees to [the Omaha Seldins] in an amount, as stated in the Court's Order of February 28, 2019, equal to the attorney fees and costs incurred," but denied the motion after concluding that "[a]n Order Nunc Pro Tunc [could not] be used to enlarge the judgment or substantially amend[] the judgment even though said judgment was not the order intended."

On May 11, 2018, Scott filed a motion to alter or amend the district court's May 3 order. Scott argued that the award of attorney fees and costs was beyond the amount permitted as damages and that the arbitrator's award of attorney fees was improper. The motion further asserted that the order had referenced § 25-834 as authorizing the sanction against the Arizona Seldins, but that § 25-834 is unrelated to an award of attorney fees and had been repealed by the Legislature in 2002.

The Arizona Seldins also filed a motion to alter or amend the order. The motion incorporated Scott's arguments and additionally asserted that the district court failed to specifically

address some of the Arizona Seldins' prior arguments, including whether the final award violated the automatic bankruptcy stay, whether the final award violated Nebraska's public policy and resulted in a massive windfall to the Omaha Seldins, and whether the arbitrator engaged in evident partiality.

On February 28, 2019, the district court issued a 13-page order detailing its findings and overruling both motions to alter or amend the May 3, 2018, order. The February 28, 2019, order included a nunc pro tunc modification, substituting § 25-824 for the references to § 25-834 in the previous order. When discussing the sanction ordered against the Arizona Seldins, the district court noted that its May 3, 2018, order had "repeatedly identified the absence of rational factual or legal basis to support [the Arizona Seldins'] theories of modifying or vacating the Final Award." The district court articulated that "[w]hat should have been a fairly simple procedure, [the Arizona Seldins] literally turned into a re-litigation of the Arbitration itself."

The Arizona Seldins appeal the district court's order confirming the award and the district court's order of sanctions under § 25-824. Scott, individually, filed a cross-appeal asserting that the final award against him should be modified, corrected, or vacated by law and that the district court abused its discretion in imposing sanctions and overruling his motion to alter or amend. The Omaha Seldins also filed a cross-appeal, challenging the amount of attorney fees and costs ordered by the district court and the district court's denial of the Omaha Seldins' motion for order nunc pro tunc. The Arizona Seldins subsequently filed a motion to dismiss the Omaha Seldins' cross-appeal, claiming the Omaha Seldins' registration of the district court's judgment with an Arizona state court constituted an acceptance of the benefits of the judgment and, thus, precluded them from appealing the judgment.

We granted the parties' petition to bypass the Nebraska Court of Appeals, and the two cases, S-19-0310 and S-19-0311, have been consolidated for purposes of oral argument and disposition.

## III. ASSIGNMENTS OF ERROR

The Arizona Seldins' assignments, renumbered and restated, are that the district court erred in (1) failing to vacate the Sky Financial award because the award was secured through misbehavior by the arbitrator; (2) failing to vacate the final award because the Sky Financial award violates Nebraska public policy by creating a massive windfall for the Omaha Seldins; (3) confirming the arbitrator's award of attorney fees because the award exceeded the scope of the separation agreement, which expressly prohibited an award of attorney fees; (4) awarding sanctions under § 25-824; and (5) excluding evidence of the Omaha Seldins' acting contrary to the separation agreement and the award by currently seeking additional damages in other litigation for the same Sky Financial investment.

Scott's assignments of error on cross-appeal, summarized, are that the district court erred in (1) failing to modify or correct an evident material mistake in the description of respondents in the final award relating to him; (2) failing to vacate the final award on the ground of arbitrator misbehavior; (3) failing to vacate the final award on the ground that the arbitrator exceeded his authority in regard to the claims bar date; and (4) imposing sanctions pursuant to § 25-824 and denying Scott's motion to alter or amend the district court's order regarding the sanctions.

The Omaha Seldins assign on cross-appeal that the district court erred in (1) denying their motion for order nunc pro tunc and (2) failing to award the Omaha Seldins their reasonable attorney fees and costs incurred. While not specifically assigned as error, the Omaha Seldins also assert that the Arizona Seldins' public policy argument is time barred.

## IV. STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[3]

---

[3] *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

[2] In reviewing a decision to vacate, modify, or confirm an arbitration award under the FAA, an appellate court is obligated to reach a conclusion independent of the trial court's ruling as to questions of law.[4] However, the trial court's factual findings will not be set aside on appeal unless clearly erroneous.[5]

[3,4] On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.[6] When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion.[7]

[5] A motion to alter or amend a judgment is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion.[8]

[6] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[9]

## V. ANALYSIS

### 1. Appeal Is Governed by FAA

[7] Prior to addressing the arbitration issues raised by the parties on appeal, we must determine which law governs—the Uniform Arbitration Act (UAA)[10] or the FAA. Arbitration in Nebraska is governed by the FAA if it arises from a contract involving interstate commerce; otherwise, it is governed by the

---

[4] *Ronald J. Palagi, P.C. v. Prospect Funding Holdings*, 302 Neb. 769, 925 N.W.2d 334 (2019).

[5] *Id.*

[6] *White v. Kohout*, 286 Neb. 700, 839 N.W.2d 252 (2013).

[7] *Rapp v. Rapp*, 252 Neb. 341, 562 N.W.2d 359 (1997).

[8] *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014).

[9] *Id.*

[10] See Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 2016 & Cum. Supp. 2018).

UAA.[11] The district court determined that the issues presented in this case were governed by the FAA. We agree. Arbitration that arises from a contract involving interstate commerce is governed by the FAA.[12] Because this case arose from a commercial dispute involving properties and companies located in multiple states, the arbitration agreement clearly involves interstate commerce and thus is governed by the FAA.

## 2. Motion to Vacate Was Timely

[8] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it.[13] The Omaha Seldins claim the Arizona Seldins are precluded from seeking modification or vacatur of the final award on public policy grounds because this argument was not raised within 3 months of the final order being issued as required by § 12 of the FAA.

[9] Section 12 of the FAA sets forth the specific service requirements for motions to vacate, modify, or correct an award and requires notice of an application seeking judicial vacatur to "be served upon the adverse party or his attorney within three months after the award is filed or delivered." This court has held that these notice requirements are jurisdictional and that failure to strictly comply deprives the district court of authority under the FAA to vacate the arbitration award.[14] And, where the district court lacks jurisdiction, this court lacks jurisdiction.[15]

The relevant portion of § 12 provides:

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his

[11] *Garlock v. 3DS Properties*, 303 Neb. 521, 930 N.W.2d 503 (2019).

[12] *Aramark Uniform & Career Apparel v. Hunan, Inc.*, 276 Neb. 700, 757 N.W.2d 205 (2008).

[13] *State v. Uhing*, 301 Neb. 768, 919 N.W.2d 909 (2018).

[14] See *Karo v. Nau Country Ins. Co.*, 297 Neb. 798, 901 N.W.2d 689 (2017).

[15] *State v. Dorcey*, 256 Neb. 795, 592 N.W.2d 495 (1999).

attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

[10] Thus, the FAA's notice requirements are satisfied if the notice provided complies with Nebraska's statutory notice requirements. Neb. Rev. Stat. § 25-910 (Reissue 2016) requires that the notice be in writing and provides that it

shall state (1) the names of the parties to the action or proceeding in which it is to be made, (2) the name of the court or judge before whom it is to be made, (3) the place where and the day on which it will be heard, (4) the nature and terms of the order or orders to be applied for, and (5) if affidavits are to be used on the hearing, the notice shall state that fact. It shall be served a reasonable time before the hearing.

The record reflects that the final arbitration award was issued on April 27, 2017. The Arizona Seldins moved to modify, correct, or vacate the award on July 25. On the same day, the Arizona Seldins provided the other parties with notice of the motion via U.S. mail and electronic mail. While the motion did not specifically assert the Arizona Seldins' public policy argument, the notice included each of the five requirements set forth in § 25-910 and was provided within 3 months of the final order being issued. The Arizona Seldins' notice complied with Nebraska's statutory notice requirements; thus, the notice requirements under § 12 of the FAA were satisfied. The public policy argument was timely raised, and therefore, this court has jurisdiction over the claim.

### 3. Claims by Arizona Seldins
### and Scott

#### (a) Arbitrator Misbehavior

In their first assignment of error, the Arizona Seldins claim the district court erred in failing to vacate the Sky Financial award because the award was secured through misbehavior by the arbitrator. On cross-appeal, Scott also asserts that the arbitrator's acceptance of Sky Financial constituted misconduct. Scott further asserts that the Arizona Seldins could not have accepted or consented to the interpleader because the transfer abrogated the Omaha Seldins' interest in Sky Financial and thus the interpleader never existed. Scott also claims that the interpleader procedure was not disclosed or explained and that he "should not be bound by a secret interpleader procedure of which he was never informed since he had no need for concern regarding any securities claim at the time the purported interpleader was first proposed for that purpose."[16]

[11,12] Congress enacted the FAA to provide for "expedited judicial review to confirm, vacate, or modify arbitration awards."[17] The FAA favors arbitration agreements and applies in both state and federal courts.[18] It also preempts conflicting state laws and "'foreclose[s] state legislative attempts to undercut the enforceability of arbitration agreements.'"[19] When arbitration has already occurred and a party seeks to vacate, modify, or confirm an award, "'"an extraordinary level of deference" [is given] to the underlying award itself.'"[20] The U.S. Supreme Court has instructed that under the FAA, a court

---

[16] Brief for appellee Scott on cross-appeal at 24.

[17] *Hall Street Associates, L. L. C. v. Mattel, Inc*., 552 U.S. 576, 578, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008).

[18] *Preston v. Ferrer*, 552 U.S. 346, 128 S. Ct. 978, 169 L. Ed. 2d 917 (2008).

[19] *Id.*, 552 U.S. at 353 (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984)).

[20] *SBC Advanced v. Communications Workers of America*, 794 F.3d 1020, 1027 (8th Cir. 2015).

may vacate an arbitrator's decision "'only in very unusual circumstances.'"[21]

[13] The FAA sets forth four grounds under which a court may vacate an arbitration award, and in the absence of one of these grounds, the award must be confirmed.[22] These grounds are as follows:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[23]

Both the Arizona Seldins and Scott claim the arbitrator engaged in misbehavior by accepting ownership of Sky Financial. We reject this claim because the Arizona Seldins expressly agreed to the transfer of Sky Financial during the arbitration proceedings, and there is no evidence that the arbitrator engaged in misconduct by accepting the transfer.

The Omaha Seldins attempted to "tender" Sky Financial as a form of interpleader after the Arizona Seldins asserted that a lack of tender is a defense under the Arizona Securities Act in regard to damages. The Omaha Seldins transferred ownership of Sky Financial to the arbitrator "'for purposes of effectuating the relief to be awarded.'" The relief contemplated was the

---

[21] *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568, 133 S. Ct. 2064, 186 L. Ed. 2d 113 (2013).

[22] *Hall Street Associates, L. L. C., supra* note 17.

[23] 9 U.S.C. § 10(a).

award of the asset to the appropriate party after a determination had been made.

At the time the assignment was made, the following colloquy occurred:

ARBITRATOR: Well, I'm in uncharted waters here. I guess my first question is why would the assignment come to me?

[Counsel for the Omaha Seldins]: It's largely in the sense of an interpleader. Is this to be — I mean, it emphasizes the point which is the impossibility, to whom do we tender, do we tender to Millard, do we tender to Sky Financial, to whomever it is that it is deemed you think, to the extent it isn't impossible and excused by impossibility, you're welcome to determine to whomever it should be tendered.

. . . .

ARBITRATOR: Well, the only way I know how to deal with this right now is to consider this an act of interpleading these interests to me. I'm not an officer of the court, but I do have jurisdiction over this matter, so for the time being, at least, I'll accept them. With that understanding in mind. Is that acceptable to both sides?

[Counsel for the Arizona Seldins]: Yes.

[14] "A party seeking to vacate an award for misconduct under § 10(a)(3) must show that he [or she] was 'deprived of a fair hearing.'"[24] When a party "'who contests the merits of an arbitration award in court fails to first present the challenges on the merits to the arbitrators themselves, review is compressed still further, to nil.'"[25] Here, the district court noted that the Arizona Seldins appeared to have consented to the arbitrator's acceptance of the assignment as a form of interpleader.

---

[24] *Brown v. Brown-Thill*, 762 F.3d 814, 820 (8th Cir. 2014) (quoting *Grahams Service Inc. v. Teamsters Local 975*, 700 F.2d 420 (8th Cir. 1982)).

[25] *Medicine Shoppe Intern. v. Turner Investments*, 614 F.3d 485, 489 (8th Cir. 2010) (quoting *Intern. Broth. v. Hope Elec. Corp.*, 380 F.3d 1084 (8th Cir. 2004)).

We agree. Not only did the Arizona Seldins not object to the assignment at the time it was made, but they agreed that the transfer as an act of interpleading was acceptable after the purpose of the procedure was explained. By consenting to the assignment, the Arizona Seldins waived the argument that the arbitrator's acceptance of the transfer constituted misconduct. And, the record clearly refutes Scott's claim that the intended interpleader was not disclosed or explained.

[15] Furthermore, while the Arizona Seldins' attempt to invoke the grounds set forth in § 10(a)(3) of the FAA by using the term "misconduct," their argument focuses only on the arbitrator's possible partiality as the purported owner of Sky Financial. Under § 10(a)(2), a court may vacate an award for the arbitrator's "evident partiality." However, this is a "'heavy burden'"[26] because the standard "'is not made out by the mere appearance of bias.'"[27] "Evident partiality exists where the non-disclosure at issue '*objectively* demonstrate[s] such a degree of partiality that a reasonable person could assume that the arbitrator had improper motives.'"[28]

The Arizona Seldins assert that the arbitrator's taking actual possession of Sky Financial without first securing mutual consent of the parties in writing and making it part of the record disqualified him as an interested party under Neb. Rev. Stat. § 24-739 (Reissue 2016). Section 24-739 provides, in relevant part, that a judge shall be disqualified in any case in which he or she is a party or interested except by mutual consent of the parties, which mutual consent is in writing and made part of the record.

The Arizona Seldins contend that § 24-739 applies to arbitrators as well as judges per this court's instruction that "'judges

---

[26] *Williams v. National Football League*, 582 F.3d 863, 885 (8th Cir. 2009) (quoting *Choice Hotels Intern. v. SM Property Management*, 519 F.3d 200 (4th Cir. 2008)).

[27] *Id.*

[28] *Id.* (quoting *Dow Corning Corp. v. Safety National Cas. Corp.*, 335 F.3d 742 (8th Cir. 2003)).

and arbitrators are subject to the same ethical standards.'"[29] However, this court has expressly rejected a "judicial ethics" standard when analyzing the FAA's requirement of "evident partiality." In *Dowd v. First Omaha Sec. Corp.*,[30] we held that "'"evident partiality" within the meaning of 9 U.S.C. § 10 will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration.'"

Here, the record contains no evidence that the arbitrator engaged in misconduct or partiality by accepting the assignment of Sky Financial. Rule R-37(a) of the AAA rules, which was incorporated into the parties' separation agreement, provides that "[t]he arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods." Moreover, the Arizona Seldins' argument that the arbitrator's acceptance of Sky Financial constituted misconduct is confuted by their express acceptance of the procedure. This argument is without merit.

## (b) Public Policy

In their second assignment of error, the Arizona Seldins assert that the district court erred in failing to vacate the final award because the Sky Financial award violates Nebraska public policy by creating a massive windfall for the Omaha Seldins. The Arizona Seldins argue that the Omaha Seldins profited substantially from Sky Financial and that the award of damages results in a double recovery and windfall for the Omaha Seldins in violation of public policy. The Arizona Seldins further assert that a court may refuse to enforce an arbitration award on the ground that it is contrary to public

---

[29] See brief for appellants at 24 (quoting Barnett v. City of Scottsbluff, 268 Neb. 555, 684 N.W.2d 553 (2004)).

[30] *Dowd v. First Omaha Sec. Corp.*, 242 Neb. 347, 358, 495 N.W.2d 36, 43 (1993) (quoting *Morelite Const. v. N.Y.C. Dist. Council Carpenters*, 748 F.2d 79 (2d Cir. 1984)).

policy. In making this assertion, the Arizona Seldins rely on this court's prior holding in *State v. Henderson*.[31]

In *Henderson*, a Nebraska State Patrol officer had been terminated based on his membership in a Ku Klux Klan-affiliated organization. An arbitrator determined that the State Patrol had violated the officer's constitutional rights because his affiliation with the organization was not "'just cause'" for termination.[32] The arbitrator issued an award ordering the officer to be reinstated.[33] The district court vacated the award after concluding that the officer's reinstatement violated Nebraska public policy, and this court affirmed the judgment.[34]

Unlike the present case, *Henderson* was governed by Nebraska's UAA.[35] However, this court found none of the UAA's statutory bases for vacating an award applied.[36] Noting that the applicable provisions in the UAA and the FAA were similar, the majority, in a 4-to-2 decision, relied on three U.S. Supreme Court cases applying the FAA when holding that an arbitration award could be vacated on public policy grounds.[37]

The majority in *Henderson* held that a court may refuse to enforce an arbitration award that is contrary to a public policy when the policy is explicit, well defined, and dominant. The majority concluded that Nebraska has "an explicit, well-defined, and dominant public policy" that "the laws of Nebraska should be enforced without racial or religious discrimination" and that the arbitrator's decision reinstating the officer violated this public policy because the policy "incorporates, and depends upon, the public's reasonable perception

---

[31] *State v. Henderson*, 277 Neb. 240, 762 N.W.2d 1 (2009).

[32] *Id.* at 242, 762 N.W.2d at 3.

[33] *Id.*

[34] *Id.*

[35] See §§ 25-2601 to 25-2622.

[36] *Henderson, supra* note 31.

[37] *Id.*

that the laws are being enforced without discrimination."[38] The dissent argued that the U.S. Supreme Court's narrow public policy exception did not bar judicial enforcement of the award and that the majority was doing precisely what the Supreme Court had prohibited in *Paperworkers v. Misco, Inc.*[39]: engaging in factfinding, which is the arbitrator's function, not the appellate court's.[40]

[16] Prior to 2008, a circuit split existed on whether courts could apply nonstatutory standards when reviewing arbitration awards under the FAA. Many courts had been relying on language in the 1953 case of *Wilko v. Swan*,[41] which indicated courts could vacate an award made in "manifest disregard" of the law. In *Hall Street Associates, L. L. C. v. Mattel, Inc.*,[42] the U.S. Supreme Court resolved the split and held that under the FAA, courts lack authority to vacate or modify arbitration awards on any grounds other than those specified in §§ 10 and 11 of the FAA.[43] The Court was explicit that

> [o]n application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to

---

[38] *Id.* at 263, 762 N.W.2d at 16-17.

[39] See *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987).

[40] *Henderson, supra* note 31 (Stephan J., dissenting). See, also, *Misco, Inc., supra* note 39, 484 U.S. at 44, 45 (criticizing federal Court of Appeals' conclusion that machine operator had ever been or would be under influence of marijuana while he was on job from fact that marijuana was located in his car as "an exercise in factfinding" that "exceeds the authority of a court asked to overturn an arbitration award").

[41] *Wilko v. Swan*, 346 U.S. 427, 436, 74 S. Ct. 182, 98 L. Ed 168 (1953).

[42] *Hall Street Associates, L. L. C., supra* note 17.

[43] See John M. Gradwohl, *Arbitration: Interface of the Federal Arbitration Act and Nebraska State Law*, 43 Creighton L. Rev. 97 (2009).

grant confirmation in all cases, except when one of the "prescribed" exceptions applies.[44]

Pointedly, the Eighth Circuit Court of Appeals has explained that prior to 2008, "a court could vacate arbitration awards on grounds other than those listed in the FAA."[45] However, "*Hall Street*, resolving a circuit split, held that 'the text [of the FAA] compels a reading of the §§ 10 and 11 categories as exclusive.'"[46]

[17] Because the U.S. Supreme Court's decision in *Hall Street Associates, L. L. C.* abrogated public policy as grounds for vacating an arbitration award under the FAA, we reject the Arizona Seldins' argument. We hold that under the FAA, a court is not authorized to vacate an arbitration award based on public policy grounds because public policy is not one of the exclusive statutory grounds set forth in § 10 of the FAA. We also clarify that *Henderson* was governed by the UAA–-not the FAA–-and expressly disapprove of any language in *Henderson* that could be construed as authorizing courts to vacate awards on public policy grounds under the FAA.[47]

Because public policy is not a ground for vacating an arbitration award under the FAA, we need not address the merits of the Arizona Seldins' argument that the purported windfall in favor of the Omaha Seldins is contrary to public policy.

### (c) Arbitrator's Award of
### Fees and Costs

In their third assignment of error, the Arizona Seldins argue that the district court erred in confirming the arbitrator's award of attorney fees because the award exceeded the scope of the separation agreement.

---

[44] *Hall Street Associates, L. L. C., supra* note 17, 552 U.S. at 587 (quoting 9 U.S.C. § 9).

[45] *Medicine Shoppe Intern., supra* note 25, 614 F.3d at 489.

[46] *Id.*

[47] *Henderson, supra* note 31.

[18] Pursuant to § 10(a)(4) of the FAA, a court is authorized to set aside an arbitration award where the arbitrator exceeded his or her powers. However, "'[i]t is not enough . . . to show that the [arbitrator] committed an error—or even a serious error.'"[48] The analysis is "whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong."[49] "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits."[50]

In the final award, the arbitrator ordered the parties to pay their own attorney fees, expenses, and costs arising from the arbitration proceedings, "[e]xcept as specifically provided in Supplemental Interim Award Claim 16," which awarded $1,001,051 in attorney fees and costs to the Omaha Seldins as a partial measure of the damages caused by securities violations related to Sky Financial. The Arizona Seldins assert that the award of attorney fees exceeded the scope of the separation agreement because the agreement expressly prohibited such an award.

This assertion is based on a provision of the separation agreement, which states:

> In General: Except as otherwise provided in this Agreement, each Party shall bear its own costs and expenses (including legal fees and expenses) incurred in connection with this Agreement and the transactions contemplated hereby. No party shall be required to pay to the other Party any commissions, penalties, fees or expenses arising out of or associated with any of the transactions contemplated by this Agreement.

---

[48] *Oxford Health Plans LLC, supra* note 21, 569 U.S. at 569 (quoting *Stolt-Nielsen S. A. v. AnimalFeeds Int'l. Corp.*, 559 U.S. 662, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010)).

[49] *Oxford Health Plans LLC, supra* note 21, 569 U.S. at 569.

[50] *Id.*, 569 U.S. at 569 (quoting *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 121 S. Ct. 462, 148 L. Ed. 2d 354 (2000)).

In "Supplemental Interim Award Claim 16," the arbitrator interpreted the parties' agreement regarding the award of fees and costs and found that the agreement did not preclude an award of fees and costs incurred in prosecuting the lost corporate opportunity and securities violations claims related to Sky Financial. The arbitrator concluded that the agreement's "transactions contemplated" language referred to the transactions and process contemplated by the parties in separating their joint ownership interests in the jointly owned properties and entities and not ancillary claims.

The arbitrator's conclusion was based, in part, on the location of the provision within the separation agreement, and on another provision which stated: "Cooperation. The Parties acknowledge and agree that the transactions contemplated by this Agreement are intended to permit the Omaha Seldins, on the one hand, and the Arizona Seldins, on the other hand, to separate their joint ownership of the Properties." In addition, the arbitrator found that the rules of the AAA, which the parties had incorporated into the separation agreement, authorized the award of attorney fees and costs under circumstances such as those presented here.

We hold that the arbitrator did not exceed his authority under the separation agreement by issuing the award of fees and costs. In the parties' separation agreement, the parties each agreed to resolve their disputes relating to severing their jointly owned properties through final and binding arbitration. By entering into the agreement, the parties bargained for the arbitrator's construction of that agreement. The arbitrator construed the agreement as permitting the award of attorney fees for the parties' ancillary claims. The Sky Financial claim was an ancillary claim, and thus, the arbitrator did not exceed his authority in awarding costs and fees related to that claim. The Arizona Seldins' third assignment of error is without merit.

### (d) Sanctions Under § 25-824

In their fourth assignment of error, the Arizona Seldins argue that the district court erred in awarding sanctions against

them under § 25-824. Scott individually asserts on cross-appeal that the district court abused its discretion in imposing sanctions against Scott for filing the various applications in CI 16-7509, CI 16-8394, CI 17-506, CI 17-651, and CI 17-3637 and in overruling his motion to alter or amend the district court's order.

Section 25-824(2) provides that

> in any civil action commenced or appealed in any court of record in this state, the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

[19-21] We have stated that attorney fees shall be awarded against a party who alleged a claim or defense that the court determined was frivolous, interposed any part of the action solely for delay or harassment, or unnecessarily expanded the proceeding by other improper conduct.[51] A frivolous action is one in which a litigant asserts a legal position wholly without merit; that is, the position is without rational argument based on law and evidence to support the litigant's position.[52] The term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous.[53] Any doubt about whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question.[54]

In seeking to modify or vacate the final award, the Arizona Seldins asserted four arguments. As previously summarized, these arguments were that the arbitrator (1) engaged in misbehavior relating to the assignment of the Sky Financial

---

[51] *Moore v. Moore*, 302 Neb. 588, 924 N.W.2d 314 (2019).

[52] *TFF, Inc. v. SID No. 59*, 280 Neb. 767, 790 N.W.2d 427 (2010).

[53] *Id.*

[54] *Id.*

property, (2) failed to provide a reasoned award on three affirmative defenses raised by the Arizona Seldins related to the Sky Financial claims, (3) exceeded his power in awarding legal fees and expenses to the Omaha Seldins, and (4) materially miscalculated the prejudgment interest when awarding damages.

In its May 3, 2018, order, the district court entered judgment in favor of the Omaha Seldins and against the Arizona Seldins under § 25-824. When evaluating the Arizona Seldins' claim that the arbitrator engaged in misbehavior, the district court noted that the Arizona Seldins appeared to have consented to the assignment of Sky Financial, they had presented no evidence demonstrating the arbitrator had improper motives when accepting the assignment of Sky Financial, and their argument "conflicts with the facts and the law."

With regard to the argument that the arbitrator had failed to provide a reasoned award in relation to the Arizona Seldins' affirmative defense involving the claims bar date, the district court found this argument lacked merit and "mischaracterize[d]" the significance of the relation-back doctrine under Fed. R. Civ. P. 15. In doing so, the district court called attention to the arbitrator's written findings and awards relating to the Sky Financial claim, which consisted of 60 pages and contained multiple paragraphs explaining the arbitrator's reasoning when rejecting the defense.

The district court also rejected the argument that the arbitrator exceeded his power when awarding legal fees and expenses. Recognizing that the cases cited by the Arizona Seldins when asserting this argument either did not support their argument or were not relevant, the district court found the arbitrator had correctly interpreted and applied the separation agreement when awarding the fees and costs.

The district court characterized the Arizona Seldins' argument that the arbitrator had materially miscalculated the prejudgment interest as "misleading" and "fundamentally misplaced." Noting that allegations of an arbitrator's legal error

are not reviewable, the district court found that the Arizona Seldins had failed to identify *any* "'mathematical error'" in the arbitrator's calculations. The court recognized that in making this assertion, the Arizona Seldins were attempting to challenge the merits of the final award by arguing that the arbitrator had committed legal error.

Addressing Scott's individual claims, the district court found there was no legal basis for Scott's challenge of the interim awards as the parties had agreed that the arbitrator's interim awards were nonfinal. Further, each of the 12 interim awards included the following statement: "The parties understand this Interim Award is not a final appealable arbitration award, but it will be part of the law of the case moving forward." Still, Scott proceeded to file lawsuits seeking to modify, vacate, and/or confirm five of these awards. In addition to finding the interim applications frivolous, the district court found Scott's argument that he should not be held jointly and severally liable to be "misleading."

Reviewing the record and arguments in this case, we agree with the district court in that "[w]hat should have been a fairly simple procedure, [the Arizona Seldins] literally turned into a re-litigation of the Arbitration itself." The district court issued the § 25-824 sanction after repeatedly finding the absence of rational factual or legal bases to support the Arizona Seldins' theories of modifying or vacating the final award. We hold that the district court did not abuse its discretion in awarding attorney fees and costs under § 25-824.

We also reject Scott's claim that the district court abused its discretion in overruling his motion to alter or amend the district court's order and judgment. Scott argues that his arguments were not ridiculous and that the applications regarding the interim awards "were filed only in an 'abundance of caution' and sought an 'immediate stay' to minimize any action by the parties or the district court."[55]

---

[55] Brief for appellee Scott on cross-appeal at 34.

In support of his argument, Scott first cites *In re Chevron U.S.A., Inc.*,[56] in which the Texas Court of Appeals held that an arbitrator's interim awards were sufficiently final for purposes of confirmation and vacation. The district court specifically rejected this argument in its February 28, 2019, order. The district court noted that *In re Chevron U.S.A., Inc.* lacked evidence demonstrating that the parties or arbitration panel had agreed or intended the interim decision to be nonfinal and nonappealable. The district court also recognized that the Arizona Seldins had "not cited to a case where an interim award that both the parties and the Arbitrator intended to be non-final was treated as a final, appealable arbitration award."

Scott also cites *American Intl. Specialty Lines Ins. Co. v. Allied Capital Corp.*[57] However, that case is clearly distinguishable from the facts presented here as the parties had specifically requested that the arbitration panel make a final determination on one of the issues.

We hold that the district court did not abuse its discretion in finding Scott's interim applications to be frivolous and ordering sanctions accordingly.

(e) Evidence of Omaha Seldins' Claims
in Arizona State Court

In their fifth assignment of error, the Arizona Seldins argue that the district court erred in excluding evidence of the Omaha Seldins' acting contrary to the separation agreement and the award by currently seeking additional damages in other litigation for the same Sky Financial investment.

[22] This court has held that "'[a]n appeal or error proceeding, properly perfected, deprives the trial court of any power to amend or modify the record as to matters of substance[.]'"[58]

---

[56] *In re Chevron U.S.A., Inc.*, 419 S.W.3d 329 (Tex. App. 2010).

[57] *American Intl. Specialty Lines Ins. Co. v. Allied Capital Corp.*, 167 A.D.3d 142, 86 N.Y.S.3d 472 (2018).

[58] *Samardick of Grand Island-Hastings, Inc. v. B.D.C. Corp.*, 183 Neb. 229, 231, 159 N.W.2d 310, 313 (1968).

An appeal is taken by filing a notice of appeal and depositing the required docket fee with the clerk of the district court.[59]

The Arizona Seldins filed their notice of appeal in these cases on March 27, 2019. On July 5, the Arizona Seldins filed a motion in the district court seeking to supplement the bill of exceptions and/or to reopen the record. The Arizona Seldins claimed that after the arbitration award had been confirmed, the Omaha Seldins filed a complaint in an Arizona state court alleging the same or similar claims regarding Sky Financial that had been arbitrated in these cases. The Arizona Seldins sought to supplement the record with evidence of the newly filed Arizona cases for purposes of this appeal. The district court overruled the motion on the ground that perfection of an appeal deprives the trial court of any power to amend or modify the record as to matters of substance.

We hold that the district court did not err when overruling the motion to supplement the record. Because the Arizona Seldins had perfected their appeal prior to the filing of the motion, the district court did not have jurisdiction to supplement the record with evidence of the Omaha Seldins' purported filings. The Arizona Seldins' fifth assignment of error is without merit.

(f) Description of "Respondents"

Scott individually asserts on cross-appeal that the district court erred in failing to modify or correct an evident material mistake in the description of "Respondents" in the final award relating to Scott. Scott argues that the parties agreed Scott had not personally violated any securities laws and, therefore, he cannot be jointly and severally liable on the Sky Financial award.

In the Arizona Seldins' motion to modify or vacate the arbitration award, Scott individually asserted that the arbitrator had made a material mistake in the final award relating to the description of "Respondents." In its May 3, 2019, order

---

[59] See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2018).

overruling the motion, the district court found the final award had properly provided that Scott was jointly and severally liable for all damages awarded. Classifying Scott's argument as misleading, the district court recognized that although the parties agreed Scott had not violated any securities laws, he usurped corporate opportunities relating to Sky Financial. The district court also noted that Scott's liability was not based on common-law principles of joint and several liability, but on his contractual liability as set forth in the parties' separation agreement.

Scott attempts to invoke § 11(a) of the FAA, which permits a court to modify or correct an award "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award."

[23,24] Under the FAA, "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms."[60] "An evident material mistake is an error that is apparent on the face of the record and would have been corrected had the arbitrator known at the time."[61]

In the present case, the definition of which individuals and entities comprised each party was set forth in the separation agreement and in the first case management order. Throughout the arbitration proceedings, the individuals and entities comprising the Omaha Seldins and the Arizona Seldins agreed to joint and several liability for any award entered against the Omaha Seldins or the Arizona Seldins, respectively.

Scott entered into a binding agreement to arbitrate all claims relating to the separation of the parties' jointly owned properties, and he is included in the definition as one of the individuals comprising the Arizona Seldins. Scott also agreed to joint and several liability for all awards issued against the

---

[60] *Henry Schein v. Archer and White Sales*, ___ U.S. ___, 139 S. Ct. 524, 529, 202 L. Ed. 2d 480 (2019) (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010)).

[61] 94 Am. Jur. *Trials* 211, § 96 at 359 (2004).

Arizona Seldins. According to the terms of the separation agreement, Scott is jointly and severally liable for all awards issued. We hold that the district court did not err in overruling Scott's motion.

## (g) Claims Bar Date

Scott individually asserts that the district court erred in failing to vacate the final award relating to the Sky Financial claim because the claim was untimely and the arbitrator exceeded his powers by permitting the Omaha Seldins to bring the claim.

Again, §§ 10 and 11 of the FAA set forth the exclusive grounds for vacating or modifying an arbitration award.[62] "'[S]o long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the award should be confirmed."[63]

The separation agreement contains a provision stating that "reasonable amendments to Claims in pending actions shall be allowed in the Mediator's discretion based on discovery, admissions, interim decision, and other developments in the prosecution of the Claim, consistent with the Federal Rules of Civil Procedure." On December 3, 2013, the arbitrator granted the Omaha Seldins leave to amend their claims on or before December 6, "in the interests of justice and economy."

Scott complains that the parties' agreed-upon claims bar date was July 2, 2012, and that the Omaha Seldins' Sky Financial claim was untimely because it was filed on November 14, 2014. Scott argues that the arbitrator exceeded his powers by granting leave to amend because under Fed. R. Civ. P. 15, he was required to apply the relation-back doctrine when assessing the timeliness of the claim.

Rejecting this argument, the district court found that the arbitrator interpreted the separation agreement when concluding

---

[62] See *Hall Street Associates, L. L. C., supra* note 17.

[63] *Beumer Corp. v. ProEnergy Services, LLC*, 899 F.3d 564, 565 (8th Cir. 2018) (quoting *Medicine Shoppe Intern., supra* note 25).

leave to amend should be granted and that the arbitrator's decision was consistent with Fed. R. Civ. P. 15(a)(2). That section provides that "[t]he court should freely give leave [to amend] when justice so requires."[64] The district court also found that this argument mischaracterized the significance of "relation back" under Fed. R. Civ. P. 15 because the amended pleading did relate back to a claim that had originally been filed on October 9, 2011, prior to the parties' claims bar date.

We hold that the district court did not err in rejecting this claim. Scott does not argue that the arbitrator was not interpreting the separation agreement; rather, he argues that the arbitrator "was required to apply the 'relation-back' method of review under the [Federal Rules of Civil Procedure], before allowing the Sky Financial Claim to be brought after the Claims Bar Date."[65] The record clearly demonstrates the arbitrator was construing the separation agreement when he concluded that leave should be granted. The arbitrator's decision to grant the leave is not grounds to vacate the award. This argument is without merit.

### 4. Omaha Seldins' Cross-Appeal

On cross-appeal, the Omaha Seldins argue they are entitled to reasonable attorney fees and costs in the amount of $342,860.95. Alternatively, the Omaha Seldins seek a determination that the district court erred in denying their motion for order nunc pro tunc.

In determining the amount of a cost or attorney fee award under § 25-824(2), Neb. Rev. Stat. § 25-824.01 (Reissue 2016) states that "the court shall exercise its sound discretion."

In its May 3, 2018, order, the district court entered judgment in favor of the Omaha Seldins for an amount equal to the attorney fees and costs incurred in resisting the Arizona Seldins' application seeking vacation or modification of the final award and in seeking dismissal of the various

---

[64] Fed. R. Civ. P. 15(a)(2).

[65] Brief for appellee Scott on cross-appeal at 33.

applications filed by Scott. After the judgment was issued, the Omaha Seldins submitted evidence demonstrating that it had incurred $342,860.95 in fees and costs: $211,676.50 by the Bryan Cave law firm and $131,184.45 by the McGill law firm. However, when calculating the amount of fees to be awarded, the district court neglected to include the Bryan Cave law firm's fees of $211,676.50. Although intending to include the fees from both law firms, the district court's order included only the McGill law firm's fees for a total amount of $131,184.45.

The Omaha Seldins filed a motion for order nunc pro tunc, seeking an order substituting $342,860.95 for the total amount of fees incurred. In a written order, the district court stated that it had "clearly intended to award attorney fees to Petitioners in an amount, as stated in the Court's Order of February 28, 2019, equal to the attorney fees and costs incurred." But the court denied the motion after concluding that "[a]n Order Nunc Pro Tunc [could not] be used to enlarge the judgment or substantially amend[] the judgment even though said judgment was not the order intended."

Pursuant to the May 3, 2018, order, the Omaha Seldins are entitled to their judgment for "an amount equal to the attorneys' fees and costs [the Omaha Seldins] incurred in resisting [the Arizona Seldins'] application seeking vacation or modification of the Final Award and in seeking dismissal of the various applications [filed by Scott]." The district court's error in calculating the amount of the award resulted in the Omaha Seldins' being unfairly deprived of their right to $211,676.50 in fees incurred by the Bryan Cave law firm. Thus, the district court abused its discretion in determining the overall amount of the award.

[25] Ordinarily, an improper calculation of attorney fees would require a remand in order to reconfigure the award.[66] However, when the record is sufficiently developed that a

---

[66] *Cedars Corp. v. Sun Valley Dev. Co.*, 253 Neb. 999, 573 N.W.2d 467 (1998).

reviewing court can apply the law to the facts and calculate a fair and reasonable fee without resorting to remand, that route is available to the appellate court.[67]

Here, a remand is not required because the Omaha Seldins presented evidence demonstrating the amount of fees incurred, and we find these fees to be reasonable. Further, a remand would serve only to needlessly prolong this litigation and further undermine the finality of the arbitration award. We conclude that the Omaha Seldins are entitled to a total fee award of $342,860.95. Accordingly, we order the Arizona Seldins to pay the Omaha Seldins an additional $211,676.50 for fees incurred by the Byran Cave law firm on behalf of the Omaha Seldins.

[26] Because we order the payment of $211,676.50, we do not reach or address the issue of whether the district court erred in denying the Omaha Seldins' motion for order nunc pro tunc. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[68]

## 5. Arizona Seldins' Motion to Dismiss Cross-Appeal

The Arizona Seldins, along with Scott and Millard, filed a joint motion to dismiss the Omaha Seldins' cross-appeal on the ground that the Omaha Seldins' registration of the district court's judgment with an Arizona state court constituted a voluntary acceptance of the benefits of the judgment and, thus, prevents the Omaha Seldins from prosecuting their cross-appeal. The Omaha Seldins maintain that they have not attempted to collect upon the judgment entered on February 28, 2019, and that the registration of the judgment was merely a procedural act taken for purposes of collecting on the judgment when collection was permitted.

---

[67] *Id.*

[68] *Selma Development v. Great Western Bank*, 285 Neb. 37, 825 N.W.2d 215 (2013).

[27-29] Generally, under the acceptance of benefits rule, an appellant may not voluntarily accept the benefits of part of a judgment in the appellant's favor and afterward prosecute an appeal or error proceeding from the part that is against the appellant.[69] However, the rule does not apply when the appellant has conceded to be entitled to the thing he or she has accepted and where the appeal relates only to an additional claim on his or her part.[70] In asserting that the acceptance of benefits rule precludes an appeal, the burden is on the party asserting the rule to demonstrate that the benefits of the judgment were accepted.[71]

Here, the Omaha Seldins agree with the judgment, except for seeking an additional recovery of attorney fees that were mistakenly omitted from the district court's judgment. Further, the Arizona Seldins have presented no evidence demonstrating the Omaha Seldins have accepted the benefits of the judgment. We hold that the Omaha Seldins' mere registration of the judgment does not preclude their cross-appeal for the recovery of additional fees and costs. This argument is without merit.

## VI. CONCLUSION

The FAA provides that a court must confirm an arbitration award unless grounds exist for vacating or modifying the award under § 10 or § 11 of the FAA.[72] Because neither the Arizona Seldins nor Scott have demonstrated any such grounds exist, the parties are bound by their agreement to arbitrate and the arbitrator's construction of that agreement.

We hold that the district court did not err in confirming the arbitration award and denying the motions to vacate and/ or modify the award, nor did it err in denying the Arizona

---

[69] *Liming v. Liming*, 272 Neb. 534, 723 N.W.2d 89 (2006).

[70] *Id.*

[71] See 5 Am. Jur. 2d *Appellate Review* § 543 (2018).

[72] *Hall Street Associates, L. L. C., supra* note 17.

Seldins' motion to supplement the record. We further hold that the district court did not abuse its discretion when awarding attorney fees in favor of the Omaha Seldins or when denying Scott's motion to alter or amend the court's May 3, 2018, order. We conclude that the Omaha Seldins' registration of the district court's judgment does not preclude the Omaha Seldins' cross-appeal. Finally, we hold that the Omaha Seldins are entitled to reasonable attorney fees and costs incurred in confirming the arbitration award and resisting the various applications filed by the Arizona Seldins and Scott and that the district court abused its discretion when failing to include the Bryan Cave law firm's fees in its calculation of the amount of fees to be awarded.

Accordingly, we (1) affirm the district court's confirmation of the arbitration award, (2) affirm the district court's denial of the Arizona Seldins' and Scott's motions to vacate and/or modify the award, (3) affirm the district court's denial of the Arizona Seldins' motion to supplement the record, (4) affirm the district court's award of sanctions under § 25-824, (5) overrule the Arizona Seldins' motion to dismiss the Omaha Seldins' cross-appeal, and (6) sustain the Omaha Seldins' cross-appeal and order the fee judgment in favor of the Omaha Seldins be increased to $342,860.95.

AFFIRMED AS MODIFIED.

MILLER-LERMAN, J., not participating.